STATE of Missouri, Appellant,

v.

Jay KNOX, Respondent.

No. WD 36497.

Missouri Court of Appeals,
Western District.

July 23, 1985.

Motion for Rehearing and/or Transfer to
Supreme Court Overruled and Denied
Aug. 27, 1985.

Application to Transfer Denied
Oct. 16, 1985.

defendant treated Adams throughout the course of the trial.

Albert A. Riederer, Pros. Atty., Robert Frager, Asst. Pros. Atty., Kansas City, for appellant.

Sean D. O'Brien, Public Defender, David S. Durbin, Asst. Public Defender, Kansas City, for respondent.

Before NUGENT, P.J., and PRITCH-ARD and CLARK, JJ.

CLARK, Judge.

Jay Knox was charged with the offenses of burglary and stealing alleged to have been committed November 6, 1983. He was arraigned January 19, 1984. By October, 1984, he had not been tried on the charges and he moved for dismissal. The motion was granted. The state appeals pursuant to § 547.200, RSMo.Supp.1984. Affirmed.

In seeking to overturn the dismissal, the state argues first that the court was not entitled to hold it to a time limit of 180 days in bringing Knox to trial because the statute imposing that limit, § 545.780.3(2) and (5), RSMo.1978 was repealed effective June 7, 1984 and was not the law when Knox was ordered discharged. Alternatively, the state contends, if § 545.780.3(2) and (5), RSMo.1978 were applicable to this case, less than 180 days for which the state was accountable had elapsed by the date the dismissal was ordered.

The disposition of the case by the trial court does not present for determination here the question of which statute applies. The order for discharge of Knox was not based on a finding, as appellant's first point assumes, that the speedy trial statute in effect after June 7, 1984 controlled the case. The judge expressly refrained from deciding that issue. Instead, he ruled that Knox's trial had been unreasonably delayed, which ever statute prevailed. It therefore follows, of necessity, that the order of dismissal is entitled to affirmance if, as the state contends, § 545.780, RSMo. Supp.1984 applied in the case, and if there was substantial evidence to support the trial judge's decision that trial was unreasonably delayed. If such be the case, as we hereafter find, the state's second point as to computation of the 180 day time limit is irrelevant.

At the time of commission of the alleged offense, by Knox, and thereafter, through arraignment and several trial settings, the existing statute was § 545.780, RSMo.1978. When Knox filed his motion for speedy trial and at the time the court ruled the motion for dismissal, the new statute, § 545.780, RSMo.Supp.1984, was in effect. The difference between the two is that the former law prescribed the standard of 180 days and laid down numerous conditions and imposed various duties for inquiry and determination. The present law requires only that the case be set for trial as soon as reasonably possible after a request therefor.

For purposes of disposition of this appeal, we assume the validity of the state's contention that the statute effective June 7, 1984 applies in Knox's case. In so doing, however, we do not decide that proposition. The question is not before us first, because the trial judge did not rule on the issue and we therefore have no decision to review. Second, the issue is not necessary to disposition of the case. The state makes no argument that under the facts, Knox's trial was set as soon as reasonably possible after the motion for a trial setting was filed. That being so, if the evidence supports the trial judge's finding of unreasonable delay, the assertion that the new statute controlled may be conceded and yet not require reversal.

Turning now to the facts of the case, the procedural history recounted in the legal file shows that after arraignment, the first trial setting was March 5, 1984. Knox thereafter sought and obtained two continuances, first to April 16 and next to May 14. Defense counsel was engaged in another trial on that date and the case was reset for July 9. The state obtained a continuance and on the following day, July 10, Knox filed his motion requesting a speedy trial. From this point forward, there is no record of any trial setting or request or order of continuance from the trial date of August 6, 1984. As the trial judge himself observed when he ruled on Knox's dismissal motion, "I would have to say that there would have to be an incredible set of circumstances to keep this case from getting tried from July 10 when the filing of the motion for speedy trial was made until today, October 22nd, and be right".

Counsel have not cited nor has independent research disclosed any reported case construing or applying the provisions of this new speedy trial statute, § 545.780, RSMo.Supp.1984. The statute itself is silent as to what sanction may follow upon a prosecution unreasonably delayed. So too does the statute fail to specify how a reasonable time period is to be assessed. We are therefore obligated to examine these components in order to determine whether, as the state contends, the case against Knox was erroneously dismissed.

■ It appears that a dismissal of the information or indictment for unreasonable delay in providing the accused a trial is an appropriate and available remedy where it be found that a trial setting was not provided to the defendant after a motion for speedy trial is filed and the defendant announces ready. It has previously been held in civil cases that courts have inherent authority to dismiss a case for failure to prosecute with due diligence. *Shirrell v. Missouri Edison Company*, 535 S.W.2d 446, 448 (Mo. banc 1976). No valid reason is suggested as to why that inherent authority does not extend to criminal cases,

particularly where the statute directs a setting of the case as soon as reasonably possible after request is made by the defendant. Were that inherent power of dismissal not implicit in the statutory requirement for a reasonably prompt trial setting, then the request for speedy trial and the statute itself would be futile and meaningless.

■ Finding then that the sanction of dismissal is available to the trial court in a proper case of unreasonable trial delay, the next issue is the scope of appellate review in a case such as this where the trial judge has found the delay to be unreasonable. In the absence of any guide, such as the former 180 day rule contained in the repealed statute, the question of what delay is or is not unreasonable is a judgment to be made by the trial court based on the facts of each case. Recognizing that the state bears a constitutional burden to provide the accused a speedy trial, if the defendant makes a prima facie showing sufficient to persuade the trial court that elapsed time after the motion for speedy trial was filed evidences a noticeable delay, it is incumbent on the state to adduce evidence showing the cause for the delay. Based on the facts, including evidence the defendant may offer, the trial court must rule whether the delay was justified, and thus was reasonable, or was unreasonable. Such is the ruling presented for review in this case.

■ The decision that a delay in setting a criminal case was unreasonable is reviewable on appeal under the familiar standard of *Murphy v. Carron*, 536 S.W.2d 30 (Mo. banc 1976), that is, the decision by the trial court is entitled to affirmance unless there is no substantial evidence to support it, unless it is against the weight of the evidence or unless it erroneously declares or applies the law. *State v. Terry*, 682 S.W.2d 889, 890 (Mo.App.1984). More particularly, under a claim of failure to grant a speedy trial, the reviewing court will look to the reasons given by the state for the trial delay and will consider whether under those facts the trial court could reasonably

have found the delay unjustified. If that be so, then the dismissal must be affirmed.

■ Turning now to the facts in Knox's case, the record shows this case to have been without a trial setting from August to October and without any explanation of why trial did not occur at the last recorded setting in August. So far as the parties knew, neither had requested a continuance and each claims to have been ready. The state makes no argument that Knox was responsible for any of the period of delay or that the delay was accountable for any other reason beyond the control of the state. At best, the case was simply permitted to languish. Taking into account the state's responsibility once a defendant has filed his request for a speedy trial, the delay in this case was unreasonable. The trial court's ruling to this effect is not against the weight of the evidence and is supported by substantial evidence.

The foregoing discusses the merits of the state's first point on appeal under assumptions previously described and despite the failure by the state to brief or argue the essential question of whether the order of dismissal was proper, assuming applicability of the 1984 statute. The state does assert, in one sentence and without any citation of authority, that the dismissal was in error because Knox did not claim the benefit of the 1984 statute in his motion. The written motion did, it is true, rely on § 545.780.3(2) and (5), RSMo.1978. At oral argument, before the trial court, however, the issue of whether the 1984 amendment applied was fully discussed and Knox claimed he was similarly entitled to relief under the amended law. The gist of the claim was and is that Knox was denied a speedy trial. It is sufficient to find that the court's decision was correct under the law which the state claims should have been applied.

The judgment is affirmed.

All concur.