**Brian CASEY and BMW Motorrad of St. Louis, Inc., Respondents,**

v.

**DEPARTMENT OF PUBLIC SAFETY, Appellant.**

No. 55736.

Missouri Court of Appeals,
Eastern District,
Division Two.

Aug. 15, 1989.

Theodore Allen Bruce, Jefferson City, for appellant.

Daniel B. Hayes, Michael A. Gross, Clayton, for respondents.

GARY M. GAERTNER, Judge.

Appellant, Department of Public Safety, appeals from a final order of the Circuit Court of St. Louis County reversing the suspension of respondents Casey's and BMW Motorrad's vehicle inspection permits.

On April 26, 1988, a Missouri State Highway Patrol inspector observed respondent Casey issuing a motor vehicle inspection certificate in the name of another inspector. Casey admitted that his own certificate had expired and that he had made inspections in the other inspector's name on about ten other vehicles. Notice was sent to Casey on May 16, 1988, notifying him that charges were being brought against him for: (1) issuing an inspection certificate in the name of another inspector; and (2) issuing a certificate without the required permit pursuant to RSMo § 307.360 (1986) and 11 CSR 50–2.090(3) and 11 CSR 50–2.120(1). On June 17, 1988, a hearing was scheduled concerning the sufficiency of the charges. Respondents objected that the hearing was not held within thirty days as required by § 307.360.4(2). On June 21, 1988, appellant notified respondents that charges had been filed on identical grounds to those alleged in the earlier charges. Appellant notified respondents on June 29, 1988, that the original charges were being dropped.[1] A hearing was held on the second set of charges within the thirty day period. Respondents did not appear at this hearing and pursuant to § 307.360.4(2), this failure to appear was deemed an admission of the allegations in the charges. The re-

---

1. We do not express an opinion on whether this action was mandated by the statute or not.

spondents' vehicle inspection station permit was suspended for 180 days.

Respondents then filed a petition for review pursuant to Chapter 536 in the Circuit Court of St. Louis County. A stay order was granted and on October 31, 1988, the circuit court reversed appellant's decision stating that appellant lost its authority to proceed because the hearing was scheduled by the appellant more than thirty days after the initial notice; the subsequent hearing was, therefore, a nullity. This appeal ensued.

Section 307.360.4(2) mandates that the superintendent of the Missouri Highway Patrol serve notice of the suspension of an inspector's permit "not less than ten nor more than thirty days after the mailing or service of the notice, for a hearing to show cause why his permit should not be suspended or revoked." RSMo § 307.360.4(2) (1986). Neither party debates that the initial hearing was scheduled more than thirty days after notice. The question presented is whether the superintendent can refile charges previously dropped for failure to grant a timely hearing.

The trial court's decision that the subsequent hearing was a nullity is reviewable on appeal under the standard pronounced in *Murphy v. Carron*, 536 S.W.2d 30 (Mo. banc 1976). The trial court's decision is, therefore, entitled to affirmance "unless there is no substantial evidence to support it, unless it is against the weight of the evidence, unless it erroneously declares the law, or unless it erroneously applies the law." *Id.* at 32. Here the evidence is undisputed. This court must thus determine if the trial court erroneously declared or applied the law. *Id.*

Appellant claims that, as there is no Missouri law on point, this court should look to speedy trial cases for guidance. Those cases do not aid the appellant, however.

Appellant points to two cases in which the state filed charges and then nolle prossed the charges prior to violating RSMo § 545.780 (1978). The prosecuting attorneys then refiled the charges. In those cases, the courts held that the time elapsed in connection with the nolle prossed charges was not to be considered in reviewing the speedy trial claim. *State v. Jackson*, 645 S.W.2d 725, 728 (Mo.App., E.D. 1982); *State v. Allen*, 641 S.W.2d 471, 475 (Mo.App., E.D.1982). In those cases, however, the initial charges were dropped before the time limitation passed[2] and then new charges were filed. This is not the case we have here. Here the full statutory period was allowed to pass before charges were dropped and new charges were filed.

In *State v. Knox*, 697 S.W.2d 261 (Mo. App., W.D.1985), the defendant was arraigned in January of 1984 and had not been brought to trial by October of 1984. The defendant moved for dismissal and the court granted the motion. The court of appeals held that courts have the inherent authority to dismiss a case for failure to prosecute "particularly where the statute directs a setting of the case as soon as reasonably possible after request is made by the defendant." *Id.* at 263. The court further stated that the lack of this power would render the statute itself "futile and meaningless." *Id.*

Here we are presented with an analogous situation, the statute requires that a hearing be given within thirty days of notice. To allow the state to refile identical charges after the expiration of the thirty day period would render the time limit meaningless. This court will not presume that the legislature intended to enact a meaningless provision. *Bartley v. Special School Dist. of St. Louis*, 649 S.W.2d 864, 867 (Mo.banc 1983).[3]

In its brief, appellant's counsel claims:

---

**2.** The question of whether or not the time between the initial notice and a subsequent dropping of charges that occurs within the 30 day period should be counted in reviewing an administrative claim under § 307.360 is not before this court and we express no opinion on that issue.

**3.** This is not to say that the thirty day limit is mandatory in all cases. Where the public interest is at stake and where good cause is shown this court would certainly be reluctant to say that agency action outside of the time limit is void. *See Brock v. Pierce County*, 476 U.S. 253, 106 S.Ct. 1834, 90 L.Ed.2d 248 (1986). While the question is not presently before this court,

There is no statute of limitations in which the Appellant must file written notice of the charges. In other words, the Appellant could wait days or years to file the notice, just as long as the hearing was held within thirty days of that notice. It makes no sense, therefore, to suggest that jurisdiction is somehow lost simply because the time between the original notice and the actual hearing is more than thirty days.

Appellant is correct in stating that no statute of limitations is contained within the statute. To hold, however, that appellant's charges could hang like a sword of Damacles over the respondent is to ignore the clear language of the statute. We, therefore, affirm.

GRIMM, P.J., concurs.

KAROHL, J., concurs in result.

had the Director proceeded with the hearing on the thirty first day rather than dropping and attempting to refile the charges, this decision, assuming good cause, may be different. By dropping the charges after the thirty day limit had passed, however, the Director lost his right to proceed.