**STATE of Missouri, Appellant,**

v.

**Benjamin Thomas HONEYCUTT, Respondent.**

**No. SC 84541.**

Supreme Court of Missouri, En Banc.

Feb. 11, 2003.

---

William Page Bellamy, Pros. Atty., Lexington, Terrence M. Messonnier, Asst. Pros. Atty., Lafayette County, Jeremiah W. (Jay) Nixon, Atty. Gen., Jefferson City, Philip M. Koppe, Asst. Atty. Gen., Kansas City, for Appellant.

John B. Neher, Lexington, for Respondent.

LAURA DENVIR STITH, Judge.

The trial court dismissed the state's charge that defendant Benjamin Honeycutt drove on the wrong side of the road for failure to prosecute. The state appeals, arguing that under section 545.780, RSMo 2000,[1] a court can dismiss an information or indictment only if there has been a violation of the accused's right to speedy trial and, further, that a dismissal in any other circumstance would impermissibly interfere with prosecutorial discretion. This Court disagrees. Section

1. All statutory references are to RSMo 2000, unless otherwise indicated.

545.780 has no application where, as here, defendant has not invoked the right to speedy trial, and the trial court acted within its inherent superintending authority over its docket when it dismissed the case without prejudice for failure to prosecute. Because a dismissal without prejudice is not a final, appealable judgment, the appeal is dismissed.

## I. FACTUAL AND PROCEDURAL BACKGROUND

On December 9, 1997, Mr. Honeycutt received two traffic tickets, one for driving while intoxicated (DWI) and a second for failure to drive on the right half of the roadway, both written on a form entitled "Uniform Complaint and Summons," following Form 37A of this Court's rules. As is the practice in many jurisdictions, the local prosecutor signed and filed one copy of the uniform complaint, labeled "Complaint and Information," thereby commencing prosecution of both charges against defendant. The prosecutor later substituted a separate, formal information on the DWI charge.

A trial date of April 27, 1998, was set for both charges, but only the DWI case was formally called. The docket sheet shows the driving on the wrong side of the road charge as being continued. A jury trial was held on the DWI charge in October 1998. Defendant was acquitted. For reasons not set out in the record, the charge for driving on the wrong side of the road was not tried on that date, or thereafter, and languished in the court's files until January 2001. At that point, the newly elected judge of Lafayette County noted the case had long been pending but inactive and called it up for a status hearing.

For the first time, the prosecutor indicated an intent to proceed to trial on the charge.

Defendant moved, orally and in writing, for dismissal based on *res judicata* and the statute of limitations. On May 14, 2001, the trial court denied dismissal on the two grounds raised by defendant, but on its own motion entered an order stating "the case is dismissed for lack of prosecution." The state appealed and, alternatively, filed a petition for writ of prohibition requesting review should this Court determine that the order below was erroneous but unappealable because not final.[2] Following decision by the Court of Appeals, Western District, this Court granted transfer. Mo. Const. art. V, sec. 10.

## II. ANALYSIS

■ The state contends that section 545.780.2 precludes a judge from dismissing for failure to prosecute unless defendant's right to speedy trial has been violated. It states:

1. If defendant announces that he is ready for trial and files a request for a speedy trial, then the court shall set the case for trial as soon as reasonably possible thereafter.

2. The provisions of this section shall be enforceable by mandamus. *Neither the failure to comply with this section nor the state's failure to prosecute shall be grounds for the dismissal of the indictment or information unless the court also finds that the defendant has been denied his constitutional right to a speedy trial.*

(emphasis added). The state overread subsection 2 of the statute. It must be read in context. Subsection 1 states that once

---

**2.** As this Court herein determines that the trial court did not err in exercising its inherent authority to dismiss without prejudice for failure to prosecute, the state's alternative petition for writ is denied as moot.

defendant invokes the right to a speedy trial, then the court "shall set the case for trial as soon as reasonably possible thereafter." *Id.* Subsection 2 explains the consequences should this statutory requirement not be followed by the court, or should the prosecutor fail to proceed once the court has complied with subsection 1 and set the case for trial as soon as reasonably possible. It says that neither the failure of the court to comply with the requirement that the case be timely set for trial (after invocation of the right to speedy trial) nor the failure of the prosecutor to prosecute once the case is set for trial shall provide a basis for dismissal unless the defendant's right to speedy trial has been violated.

Section 545.780 has no application to this case, however, for both parties agree that defendant chose not to invoke his right to a speedy trial. Instead, as counsel candidly conceded at argument, he remained silent when the state failed to bring Honeycutt to trial on one of the two charges pending, in the hope that it would simply not be pursued.[3] That strategy was effective until the judge noted the long pendency of the charge and set it for hearing. Still, defendant did not invoke his right to speedy trial, and the state did not request the case be set for trial. Instead, the parties addressed issues of *res judicata* and the statute of limitations, doctrines found not to be applicable by the trial judge. *See* Sec. 556.036(3). Only then did the court dismiss the case, not because of a failure of proof or because of a violation of the right to speedy trial, but as a matter of control of its docket because the case had been allowed to languish for over three years, including two and one-half years after the trial on the DWI charge, without action.

Thus, this Court is left with the fundamental question whether, in the absence of a governing statute, a trial judge has the inherent authority to dismiss a criminal case for failure to prosecute. The state says that to recognize such authority would interfere with the long-recognized discretion of a prosecutor to determine when and whether to bring charges, citing cases such as *State ex rel. Griffin v. Smith,* 363 Mo. 1235, 258 S.W.2d 590 (1953). In *Griffin,* the judge refused to accept a prosecutor's *nolle prosequi* of a case, demanding that it proceed to trial. This Court reversed, holding that the judge had no authority to control a prosecutor's decision to *nolle prosequi* before verdict, stating:

> Of necessity a prosecuting attorney is charged with the responsibility and vested by law with the discretion and legal duty to investigate the facts and the applicable law and to himself determine when a prosecution should be initiated. And by token of the same reasoning we think the discretion vested in him by law places in him the sole power to determine when he should proceed with a prosecution or dismiss it.

*Id.* at 594. Subsequent cases decided by the court of appeals have applied this rule to preclude a trial judge from dismissing a criminal case *with prejudice* under the common law without the consent of the prosecutor. *See, e.g., State v. Morton,* 971 S.W.2d 335, 340 (Mo.App. E.D.1998) (reversing a trial court's decision to dismiss a

---

3. This would preclude defendant from claiming sections 545.890–545.920 entitled him to discharge due to delay in trying the charge, even were they otherwise applicable. *See State v. Harper,* 473 S.W.2d 419 (Mo. banc 1971) (statutes, applicable if defendant is in prison or on bail due to charge at issue, reflect speedy trial principles, but entitle a defendant to discharge if not brought to trial within specified number of terms of court only if defendant has requested the case be set and other statutory requirements are met).

criminal charge with prejudice, holding that only a prosecutor possesses the power to voluntarily dismiss or *nolle prosequi* a felony charge); *State v. Reichenbacher*, 673 S.W.2d 837, 838 (Mo.App. E.D.1984) (determining court should have set aside plea of guilty and allowed for further proceedings rather than dismissing indictment with prejudice when judge found facts did not support guilty plea).

■■■ This Court reaffirms that a prosecutor has broad discretion to determine when, if, and how criminal laws are to be enforced, *State v. Gardner*, 8 S.W.3d 66 (Mo. banc 1999); *State v. Smith*, 422 S.W.2d 50 (Mo.1967), and that this decision is seldom subject to judicial review. As this Court stated in *Griffin*, a key reason for this rule is that the prosecutor may know far more about the background of the case and the defendant than appears of record before the court, and even if the record causes a judge to believe that a case should or should not be dismissed, it should therefore be left to the prosecutor to exercise discretion to dismiss a case or allow it to continue. *Id.* at 594. Once a prosecutor dismisses a case without prejudice, a court, thus, has no authority to convert the dismissal to one with prejudice or to force the prosecutor to trial. *State v. Flock*, 969 S.W.2d 389, 389–90 (Mo.App. W.D.1998). For these reasons, this Court expressly reaffirms that a trial judge does not have the inherent authority to dismiss a case *with prejudice* for failure to prosecute in the absence of a speedy trial violation.

■■■ Yet, the rationale of the cases recognizing a prosecutor's discretion to bring or dismiss charges does not require this Court to hold that a trial judge has no authority to dismiss a criminal cause *with-out prejudice* for failure to prosecute. For, while a trial judge may not have access to all the information based on which the prosecutor determines whether, when and how to proceed, a judge does have knowledge of his or her own docket and must have the necessary authority to control and move it. *Shirrell v. Mo. Edison Co.*, 535 S.W.2d 446, 448 (Mo. banc 1976). It has long been recognized that a court necessarily has the inherent authority to control that docket in civil cases by dismissing for failure to prosecute where a case has languished too long. *Id. See also Townsend v. Union Pacific R. Co.*, 968 S.W.2d 767, 770 (Mo.App. E.D.1998); *Duckett Creek Sewer Dist. v. Westerfield Dev. Corp.*, 930 S.W.2d 497 (Mo.App. E.D. 1996); *Wright v. Price*, 871 S.W.2d 12 (Mo.App. W.D.1993).

While this Court has never had occasion to expressly hold that this inherent power to dismiss *without prejudice* for failure to prosecute extends to criminal cases, it did dismiss an appeal from such an order on the basis that the ruling was not a final judgment in *State v. Burns*, 994 S.W.2d 941 (Mo. banc 1999), choosing not to accept the state's invitation to hold that the trial court had no authority to dismiss for failure to prosecute in the first place. *See also State v. Knox*, 697 S.W.2d 261, 263 (Mo.App. W.D.1985) (noting trial court's inherent power to dismiss civil cases for failure to prosecute logically would also apply in criminal cases). This Court now expressly holds that the rationale for recognizing the trial court's inherent authority to dismiss a civil case for failure to prosecute is equally applicable in the criminal setting. To the extent that *Griffin* and similar cases can be read to suggest otherwise, they are overruled.[4]

4. As the state notes, a judge can exercise some control over his or her docket by setting

a stale case for trial, thereby forcing the prosecutor to either try the case or dismiss it.

Here, the trial judge did not indicate whether the dismissal was with or without prejudice. While there is no criminal rule comparable to Rule 67.03, which provides that in civil cases an involuntary dismissal is *without prejudice* unless specified otherwise, for the reasons just stated the court had no authority to dismiss with prejudice. This Court, therefore, presumes that the judge was acting within his authority and the dismissal was *without prejudice*. Except in certain exceptional circumstances, not applicable here, a dismissal without prejudice does not constitute a final, appealable order. *See State v. Burns*, 994 S.W.2d at 943; *Duvall v. Lawrence*, 86 S.W.3d 74 (Mo.App. E.D.2002). For these reasons, this Court is without jurisdiction. The appeal is dismissed.

All concur.

But, dismissal without prejudice affords the judge an alternative method of controlling his or her docket that does not require the judge to place cases on the calendar that are unlikely to be tried.