

# Missouri Court of Appeals

## Southern District

### Division Two

| | | |
|---|---|---|
| STATE OF MISSOURI, | ) | |
| | ) | |
|     Plaintiff-Appellant, | ) | |
| | ) | |
| vs. | ) | No. SD33333 |
| | ) | |
| SKYLER DEWAYNE DOZLER, | ) | **Filed: February 10, 2015** |
| | ) | |
|     Defendant-Respondent. | ) | |

APPEAL FROM THE CIRCUIT COURT OF CEDAR COUNTY

Honorable James R. Bickel, Circuit Judge

**REVERSED AND REMANDED**

In this case, the State appeals the trial court's order dismissing a criminal information with prejudice prior to trial. The State argues the trial court had no jurisdiction to interfere with the State's decision to file a *nolle prosequi*. We agree and reverse the trial court's judgment.

### Factual and Procedural Background

On June 7, 2013, the State filed an information in case number 13CD-CR00012-01 charging Skylar Dewayne Dozler ("Defendant") with keeping a public nuisance, possession of a synthetic cannabinoid, and unlawful use of drug paraphernalia. *See* §§ 195.130, 195.233, RSMo (2000); § 195.202, RSMo Cum. Supp. (2013). On February 10, 2014, the parties appeared in court, Defendant waived his right to a jury trial, and the case was set for trial on May 9, 2014.

On May 7, 2014, the State filed a motion requesting a continuance. In that motion, the State informed the trial court that one of its witnesses was on National Guard duty and would not be able to attend trial on May 9, 2014. Also on May 7, 2014, Defendant filed a written objection to the continuance without stating any grounds other than that he was prepared for trial.

On May 9, 2014, the parties appeared in court. The hearing began with the prosecutor stating, "Your Honor, the State of Missouri dismisses Case Number 13CD-CR00012-01." The judge then asked defense counsel about Defendant's objection to the State's request for a continuance. Defense counsel stated the defense was ready to proceed and requested that if the case were to be dismissed, it be dismissed with prejudice. The trial court granted Defendant's motion and dismissed the case with prejudice. The State appeals.

## Discussion

In its sole point on appeal, the State argues "[t]he trial court erred in dismissing the case with prejudice . . . because the trial court did not have the discretion either to refuse a *nolle prosequi* or to dismiss with prejudice[.]" We agree.

*Nolle prosequi* is Latin for "not to wish to prosecute" and is defined as "[a] legal notice that a lawsuit or prosecution has been abandoned." Black's Law Dictionary 1074 (8th ed. 2004). "A *nolle prosequi* is a prosecutor's formal entry on the record indicating that a pending criminal charge will no longer be prosecuted, and results in a dismissal without prejudice unless jeopardy had attached." **Keightley**, 147 S.W.3d at 184. Because "a prosecutor has broad discretion to determine when, if, and how criminal laws are to be enforced,"

2

*State v. Honeycutt*, 96 S.W.3d 85, 89 (Mo. banc 2003), "[t]he prosecutor has unfettered discretion to enter a *nolle prosequi*, and the circuit court may not interfere with the exercise of that discretion."[1] *State v. Flock*, 969 S.W.2d 389, 389 (Mo. App. W.D. 1998). Once a prosecutor enters a *nolle prosequi*, the trial court is without jurisdiction to take any further action in the case. *Kilgore v. State*, 70 S.W.3d 621, 623 (Mo. App. W.D. 2002). Any orders entered after a trial court loses jurisdiction in a case are nullities. *See In re Estate of Shaw*, 256 S.W.3d 72, 76-77 (Mo. banc 2008).[2]

In the present case, the prosecutor entered an oral *nolle prosequi* prior to trial. Section 56.087.1 provides that the prosecutor may dismiss a case at any time without the consent of the court and that "[t]he dismissal may be made orally by the prosecuting or circuit attorney in open court, or by a written statement of the dismissal signed by the prosecuting or circuit attorney and filed with the clerk of court." § 56.087.1, RSMo Cum. Supp. (2014). Under that statute, a dismissal is without prejudice unless double jeopardy has attached. § 56.087.2, RSMo Cum. Supp. (2014). The trial court had no jurisdiction to enter the dismissal with prejudice. *See Kilgore*, 70 S.W.3d at 623. Thus, the trial court's order was a nullity.

---

[1] The one exception to this rule occurs when the *nolle prosequi* is tendered after the case has been submitted to the jury and a verdict has been reached. *See State ex rel. Norwood v. Drumm*, 691 S.W.2d 238, 240-41 (Mo. banc 1985). That exception does not apply in this case because here the prosecutor dismissed the case prior to the beginning of trial.

[2] Typically, the jurisdiction of the appellate court is derivative of the jurisdiction of the trial court. *State v. Bryant*, 237 S.W.3d 604 (Mo. App. S.D. 2007). Thus, if the trial court is without jurisdiction in a case, we are without jurisdiction to consider an appeal in that case. *Id.* Nevertheless, we have jurisdiction to consider the question in this case because "[a]ppellate courts inherently have supervisory authority to confine a trial court to its jurisdiction[.]" *Shaw*, 256 S.W.3d at 77.

This conclusion is not altered by the simplified jurisdictional analysis enunciated in ***J.C.W. ex rel Webb v. Wyciskalla***, 275 S.W.3d 249 (Mo. banc 2009).  Article V, section 14 of the Missouri constitution gives the circuit court subject matter jurisdiction over "all cases and matters, civil and criminal."  Once a case is voluntarily dismissed, however, there is no case or matter.  *See **State ex rel. Frets v. Moore***, 291 S.W.3d 805, 812 n.6 (Mo. App. S.D. 2009).

The State's point is granted because the trial court had no jurisdiction to enter a dismissal with prejudice after the State entered a *nolle prosequi*.

## Decision

The trial court's judgment is reversed.  The case is remanded with instructions that the trial court vacate its dismissal with prejudice.


MARY W. SHEFFIELD, P.J. – OPINION AUTHOR

GARY W. LYNCH, J. – CONCURS

DON E. BURRELL, J. – CONCURS