**STATE of Missouri, Appellant,**

**v.**

**Heather EASTERDAY, Respondent.**

**No. SD 34843**

Missouri Court of Appeals,
Southern District,
Division Two.

Filed: November 30, 2017

Appellant's Attorney: Joshua Hawley, Attorney General, and Gregory L. Barnes,

Assistant Attorney General, of Jefferson City, Missouri.

Respondent's Attorney: Derrick S. Kirby, of Doniphan, MO.

## WILLIAM W. FRANCIS, JR., J.

This is an appeal by the State of Missouri ("the State") of an order entered by the trial court on January 11, 2017, purporting to sustain Heather Easterday's ("Easterday") "motion for lack of jurisdiction." The State, in two points on appeal, asserts the trial court erred by dismissing the case for "lack of jurisdiction" because the trial court had subject matter jurisdiction, and erred in sustaining Easterday's "Motion to Dismiss" based on the statute of limitations. Finding that the judgment is ambiguous, we remand the matter for further proceedings consistent with this opinion.

### Factual and Procedural History

On September 25, 2013, the State filed a two-count "Complaint"[2] in the Circuit Court of Butler County. The Complaint alleged, in substance, that Easterday used credit cards of her employer to appropriate money and property for her own benefit, in violation of section 570.030.[3]

On February 3, 2014, the State filed a two-count "Information" in the Circuit Court of Butler County, alleging facts similar to the Complaint.

2. The initial charging document in this case was styled as a "Complaint" rather than an "Information." Such distinction is immaterial to the determination at issue. *See, State ex rel. Parton v. Eighmy*, 524 S.W.3d 204, 207–08 (Mo.App. S.D. 2017) ("The legal character of a pleading is determined by its subject matter and not its designation[.]") (internal quotation and citation omitted).

3. All references to statutes are to RSMo 2000, unless otherwise indicated.

On September 6, 2016, the State filed an "Amended Information," and a "Second Amended Information" in the Circuit Court of Ripley County.

On October 14, 2016, Easterday filed a "Motion to Dismiss," which read:

COMES NOW [Easterday], by and through her undersigned attorney, and moves this Honorable Court for an order dismissing this cause of action for the following reasons:

1. On or about September 6, 2016, [the State] filed an Amended Information in this cause charging [Easterday] with two counts of receiving stolen property in violation of § 570.080 RSMo.

2. In Count I of the Amended Information, the [State] alleges the offense occurred between May 2010 and January 31, 2013.

3. In Count II of the Amended Information, the [State] alleges the offense occurred between November 2010 and September 2012.

4. All alleged criminal offenses are time barred by the statute limitation period set forth in § 556.036 RSMo. in that the alleged offenses occurred more than 3 years from the filing of the Amended Information.

WHEREFORE, [Easterday] respectfully prays for the above cause of action be dismissed and that [Easterday] be discharged.

On January 10, 2017, the State filed a "Third Amended Information." The docket sheet reflects that a "motion" hearing was scheduled for January 11, 2017—the trial court entered the following order the same day:

□ Imposition of sentence suspended □ all per separate formal sentencing/probation order
☒ Case dismissed by prosecuting attorney ☒ in open court □ in writing
□ Other orders:

*by the Court, Sustaining*
*the motion for lack*
*of jurisdiction*

f:\forms\criminal\felony-docketentry [Revised 06/20/2012]     Thomas David Swindle, 31595, Judge

This appeal followed.

In two points on appeal, the State argues:

1. The trial court erred in dismissing the case for "lack of jurisdiction" because a circuit court has jurisdiction over all matters, civil and criminal, under article I, section 14 of the Missouri Constitution; and

2. The trial court erred in dismissing the case based on statute of limitations grounds, in that the statute of limitations was tolled by the filing of an Information less than one year

4. We note that although the legal file appears to indicate there was a hearing on this matter, the transcript of such hearing, if one exists,

after the termination of a continuing offense.

### The Order is Ambiguous

On January 11, 2017, the trial court entered an order indicating that the case was dismissed by the prosecuting attorney in open court by the Court sustaining Easterday's motion for lack of jurisdiction.[4] It is unclear from the trial court's order whether it was the prosecutor or the trial court that dismissed the charges against Easterday. If, as the order indicates, the matter was dismissed by the

was not made part of the legal file in this appeal.

prosecuting attorney in open court,[5] the trial court would immediately "lose[ ] jurisdiction," and any further action by the trial court would be a "nullit[y]." *State v. Alqabbaa*, 525 S.W.3d 121, 124 (Mo.App. S.D. 2016) (internal quotation and citation omitted). In such instance, no appeal would be available. *State v. Dozler*, 455 S.W.3d 471, 473 (Mo.App. S.D. 2015). By contrast, if the trial court dismissed the case, the potential for different issues on appeal could be presented.

 Further, the trial court's order purports to sustain Easterday's "motion for lack of jurisdiction." However, Easterday's "Motion to Dismiss" relied solely on the affirmative defense of the lapse of the statute of limitations, never claimed that the trial court lacked jurisdiction, or even used the word "jurisdiction." This was proper as to the presentation of the defense, as "the lapse of the statute of limitations is not jurisdictional[.]" *State v. Marquis*, 446 S.W.3d 311, 319 (Mo.App. W.D. 2014); *cf.*, *J.C.W. ex rel. Webb v. Wyciskalla*, 275 S.W.3d 249, 252-54 (Mo. banc 2009). To arrive at an estimation of what the trial court's order "sustain[ed]," much less the underlying argument by which the trial court was apparently persuaded, would require unacceptable guesswork by this Court.

Where, as here, "we find ourselves simply unable to determine what exactly the court did or how it reached its resolution, and that effectively precludes appellate review." *State v. Wright*, 431 S.W.3d 526, 531 (Mo.App. W.D. 2014). In such instance, it is appropriate that we remand to the trial court for clarification. *See*, *id.*

5. The prosecuting attorney would have the right to dismiss the case, even without the consent of the court. "Once a prosecutor enters a *nolle prosequi*, the trial court is without jurisdiction to take any further action in the

Accordingly, this matter is remanded to the trial court for further proceedings consistent with this opinion.

NANCY STEFFEN RAHMEYER, C.J./P.J.—Concurs

JEFFREY W. BATES, J.—Concurs

case. Any orders entered after a trial court loses jurisdiction in a case are nullities.... Once a case is voluntarily dismissed, ... there is no case or matter." *State v. Dozler*, 455 S.W.3d 471, 473 (Mo.App. S.D. 2015).