STATE of Missouri, Respondent,

v.

James Leeman MONTGOMERY, Appellant.
No. 44089.

Supreme Court of Missouri.

Division No. 1.

March 14, 1955.

James J. Rankin, St. Louis, for appellant.

John M. Dalton, Atty. Gen., David Donnelly, Special Asst. Atty. Gen., for respondent.

COIL, Commissioner.

Appellant was convicted of robbery in the first degree by means of a dangerous and deadly weapon and sentenced to seven years in the penitentiary. He has filed no brief. We, therefore, review the assignments of error in his motion for new trial.

Assignment 1 is, in effect, that the trial court was without jurisdiction and that, therefore, the verdict and judgment are void, for the reason that the amended information on which defendant was tried had been nolprossed by the state and no subsequent indictment or information had been filed; and that the state's attempt to "reinstate the cause" by a "yellow memorandum" was a nullity and of no effect.

This contention must be sustained.

The transcript shows that an amended information charging defendant with robbery in first degree by means of a dangerous and deadly weapon was filed February 14, 1951, in case No. 378; that on October 19, 1951, the assistant circuit attorney filed a nolle prosequi in that case by filing this document: "Comes now, Joseph L. Walsh, Assistant Circuit Attorney, and files a memorandum of nolle prosequi, in . the above cases for the reason that on March 15, 1951, the writer tried and convicted the defendant in a companion case, the jury verdict being fifteen years in the Missouri State Penitentiary and the writer deems that to be sufficient punishment in these cases."

On February 19, 1953, 16 months after the nolle prosequi had been filed, and after the end of the term of court at which it was entered, Section 478.230 RSMo 1949, V.A.M.S.; State ex rel. Ford v. Hogan, 324 Mo. 1130, 1138, 27 S.W.2d 21, 23[1–3], an assistant circuit attorney filed this memorandum: "Comes now Donald T. McClanahan, Assistant Circuit Attorney, and by leave of Court first had and obtained, files a motion to re-instate the above entitled cause, in which a memorandum of nolle prosequi has heretofore been filed on October 19, 1951." The notation "Granted /s/ Michael J. Scott, Judge" appears thereon.

We shall assume, for the purposes of this case, that the above document constituted a proper motion to reinstate case No. 378 and that the motion was sustained and that the case was reinstated on the trial docket.

Thus, the question is whether an information or indictment which has been unconditionally nolprossed without the contrivance of, or as the result of any fraud on the part of, a defendant, may be reinstated subsequent to the term at which the nolle prosequi was entered.

The Circuit Attorney for the City of St. Louis had the sole discretion and authority to determine whether to proceed with a prosecution or to enter a nolle prosequi. State ex rel. Griffin v. Smith, 363 Mo. 1235, 258 S.W.2d 590. The nolle prosequi in question was, therefore, entered by the officer possessed of the sole power to so do.

In State v. Lonon, 331 Mo. 591, 56 S.W.2d 378, Division Two of this court reviewed the authorities and reached the conclusion in 56 S.W.2d at page 381 that: "Considering the inherent power of a court over its judgments and orders, during the term at which such judgments and orders were entered, and the fact that a nolle or a dismissal of a criminal charge is not a bar to a subsequent prosecution, we announce the

following rule of law on the point before us as consistent with well-established principles, of law and not detrimental to defendant's rights. An order of dismissal or a nolle prosequi in a criminal case may be set aside during the term at which the order is made; an alias capias ordered issued and defendant tried on the original information or indictment."

██ The conclusion above, when read in the light of the discussion preceding it, leads to the corollary rule that a trial court has no judicial power to set aside an unconditional nolle prosequi, duly entered by one with authority, after the term at which the nolle prosequi was entered has ended.

And the foregoing rule is in accord with the weight of authority. The author of an annotation on the subject in State v. Veterans of Foreign Wars, Post 1856, 223 Iowa 1146, 274 N.W. 916, 112 A.L.R. 386 says: "The general rule is that where in a criminal proceeding the prosecuting attorney.causes the entrance of an unconditional nolle prosequi or dismissal of the indictment or information, the proceeding is terminated, and the same indictment or information cannot be reinstated at a subsequent term and prosecution thereon resumed." (Citing cases in support of the general rule.)

In 14 Am.Jur., Criminal Law, § 295, p. 966, it is said: "According to the weight of authority, if the prosecuting attorney causes the entrance of an unconditional nolle prosequi or dismissal of the indictment or information, the proceeding is terminated, and the same indictment or information cannot be reinstated at a subsequent term and prosecution thereon resumed."

██ The state suggests that S.C.Rule 31.03, 42 V.A.M.S., affects the matter before us. That rule is: "The period of time so provided for the doing of any act or the taking of any proceeding under these Rules is not affected or limited by the expiration of a term of court during such period. The expiration of a term of court shall in no way affect the power of the court to do any act or take any proceeding which it is otherwise by law or by these Rules authorized to do or take in any case pending before the court." The foregoing rule is not applicable. In ordering the case reinstated, the trial court did not "do any act or take any proceeding which it is [was] otherwise by law or by these Rules authorized to do or take". The trial court had lost jurisdiction of the case when the term ended at which the unconditional nolle prosequi was entered. The court, therefore, had no judicial power to reinstate the amended information and consequently had no jurisdiction to try the defendant in the absence of a new indictment or information.

██ It is, of course, elementary that the entry of the nolle prosequi of this case, before defendant was placed in jeopardy, did not act as an acquittal and did not bar a subsequent prosecution for the same offense under a new indictment or information found or filed within proper time.

It follows from what we have said that the judgment is reversed and it is directed that defendant be discharged in so far as concerns his conviction under the instant amended information.

VAN OSDOL and LOZIER, CC., concur.

PER CURIAM.

The foregoing opinion by COIL, C., is adopted as the opinion of the court.

DALTON, P. J., HOLLINGSWORTH, HYDE and WESTHUES, JJ., and HOLMAN, Special Judge, concur.