**STATE of Missouri, Appellant,**

v.

**Jason SMITH, Respondent.**

**No. WD 51167.**

Missouri Court of Appeals,
Western District.

Oct. 3, 1995.

Gregory B. Gillis, Kansas City, for appellant.

Bruce W. Simon, Kansas City, for respondent.

Before FENNER, C.J., and LOWENSTEIN and BRECKENRIDGE, JJ.

FENNER, Chief Judge.

Jason Smith was charged by amended information with trafficking in the second degree, § 558.011.1, RSMo 1994. Smith filed a motion to suppress on April 11, 1995, and a hearing was scheduled for May 11, 1995, at 9:30 a.m. The prosecutor did not appear until 10:06 a.m. after being called by the clerk of the court. He informed the court that his primary witness, the police officer who conducted the arrest, would arrive shortly. The court reprimanded the prosecutor for his tardiness and said:

> Now, you've got two choices, take your pick. I'm going to sustain the motion for failure of the State to proceed with their burden of proof or, as personal sanctions against you, you're going to pay Mr. Simon [Smith's attorney] $250 out of your own pocket. Now, take your choice.

The prosecutor replied by dismissing the case. The court indicated that the dismissal was "not going to be without prejudice." After a short recess, the State again tendered a written and oral dismissal of the case. The court refused to accept the dismissal without prejudice, commented that it intended to attract the attention of the Pros-

ecutor's staff, and then sustained Smith's motion to suppress.

On appeal, the State claims the trial court erred in sustaining Smith's motion to suppress because (1) it lacked jurisdiction to rule on the motion after the State dismissed the cause, (2) it improperly sustained the motion as a sanction against the prosecutor, and (3) it failed to receive evidence on an issue of fact necessary to the decision of the motion as required by statute.

 The prosecutor has sole, unfettered discretion to enter a nolle prosequi in a criminal prosecution and the trial court may not interfere with the exercise of that discretion by refusing to permit the filing of said motion.[1] *Simmons v. State*, 782 S.W.2d 771, 773 (Mo.App.1989) (citing *State ex rel. Griffin v. Smith*, 363 Mo. 1235, 258 S.W.2d 590, 593 (Mo. banc 1953)); *Jones v. State*, 771 S.W.2d 349, 351 (Mo.App.1989); *State v. Nicolosi*, 588 S.W.2d 152, 155 (Mo.App.1979) (citing *State v. Hoopes*, 534 S.W.2d 26, 34 (Mo. banc 1976)). A nolle prosequi is a formal oral or written entry on the record by the prosecutor indicating that he will not proceed in the prosecution and releasing the defendant. *Simmons*, 782 S.W.2d at 773 (citing *State v. Clark*, 711 S.W.2d 928, 934 (Mo. App.1986)); *Jones*, 771 S.W.2d at 351. "It results in a dismissal without prejudice unless defendant's double jeopardy rights bar reprosecution." *Jones*, 771 S.W.2d at 351 (citing *State v. Lawson*, 630 S.W.2d 185, 189 (Mo.App.1982). "[O]nce the prosecutor enters a nolle prosequi in a criminal case the trial judge has no jurisdiction to proceed with the case—he has 'lost jurisdiction of the criminal cause.'" *Nicolosi*, 588 S.W.2d at 155–56 (quoting *State ex rel. Griffin v. Smith*, 258 S.W.2d at 595).

 In this case, the prosecutor tendered a dismissal of the cause before the court ruled on the motion to suppress. The court refused to accept the dismissal unless it was with prejudice and sustained Smith's motion. The trial court had no authority to refuse the

---

1. The only limitation on the prosecutor's discretion to enter a nolle prosequi is found in *State ex rel. Norwood v. Drumm*, 691 S.W.2d 238, 241 (Mo. banc 1985). A trial court could deny a

prosecutor leave to enter a nolle prosequi on a murder charge after a guilty verdict and before sentencing. *Id.*

dismissal and to proceed with the case after the State dismissed the cause. The court lost jurisdiction of the case and, therefore, erred in sustaining Smith's motion to suppress.

The judgment of the trial court sustaining Smith's motion to suppress is reversed. This cause is remanded with directions for the trial court to show it dismissed pursuant to the prosecutor's nolle prosequi.

All concur.