**STATE of Missouri, Appellant,**

v.

**Julie D. FLOCK, Respondent.**

**No. WD 55011.**

Missouri Court of Appeals,
Western District.

June 23, 1998.

Scott A. Hayes, Asst. Pros. Atty., Randolph County, Moberly, for Appellant.

Karl Madden Jr., Moberly, for Respondent.

SPINDEN, Judge.

The state appeals the circuit court's judgment to dismiss, with prejudice, its case against Julie D. Flock for driving while intoxicated. The state contends that the circuit court erred in not allowing the state to enter a *nolle prosequi.* We agree.

The state charged Flock with driving while intoxicated in Randolph County. On September 3, 1997, the circuit court scheduled trial for October 8, 1997. On October 3, 1997, the prosecutor asked for a continuance because an essential witness was not available to testify on October 8. The circuit court overruled the motion. On October 8, the circuit court called the case, and the state asked the circuit court to dismiss the case without prejudice. The circuit court denied the request and dismissed the case with prejudice because of the state's failure to prosecute.

A *nolle prosequi* is a prosecutor's formal entry on the record indicating that he or she will no longer prosecute a pending criminal charge. It results in a dismissal without prejudice unless jeopardy attaches to bar subsequent prosecution. *Jones v. State,* 771 S.W.2d 349, 351 (Mo.App.1989). The prosecutor has unfettered discretion to enter a *nolle prosequi,* and the circuit court may not interfere with the exercise of that discretion.[1] *State ex rel. Griffin v. Smith,* 363 Mo.

---

1. The only limitation on the prosecutor's unfettered discretion to enter a *nolle prosequi* is the circuit court's power to deny leave to enter a *nolle prosequi* on a murder charge after a guilty

1235, 258 S.W.2d 590, 593 (banc 1953); *Simmons v. State*, 782 S.W.2d 771, 773 (Mo.App. 1989). When a prosecutor enters a *nolle prosequi* in a criminal case, the circuit court has no jurisdiction to proceed with the case. *State v. Smith*, 907 S.W.2d 301, 302 (Mo.App. 1995).

■ In this bench-tried case, the prosecutor entered a dismissal of the cause before trial and before any evidence was adduced. The circuit court, however, refused to accept the dismissal without prejudice and dismissed the case with prejudice. The circuit court had no authority to act. It lost jurisdiction of the case after the prosecutor dismissed the cause.

verdict and before sentencing. State ex rel. Norwood v. Drumm, 691 S.W.2d 238 (Mo. banc 1985).

We, therefore, reverse the circuit court's dismissal with prejudice and remand with directions for the circuit court to enter a dismissal without prejudice pursuant to the prosecutor's *nolle prosequi.*

HOWARD, P.J., and BRECKENRIDGE, J., concur.