**STATE of Missouri, Appellant,**

v.

**Paul E. STRINGER, Respondent.**

No. 23858.

Missouri Court of Appeals,
Southern District,
Division Two.

Feb. 21, 2001.

Paul E. Stringer, Columbia, pro se.

Darrell L. Moore, Pros. Atty., T. Todd Myers, Asst. Pros. Atty., Springfield, for Respondent.

BARNEY, Judge.

■ Appellant, State of Missouri ("State"), appeals the judgment of the Circuit Court of Greene County which *sua sponte* dismissed, with prejudice, an information charging Respondent Paul E. Stringer ("Respondent") with misdemeanor stealing. § 570.030.1, RSMo 1994.[1] In the court below, Respondent appeared *pro se* as he does now in this appeal. The record is devoid of a showing that the circuit court either heard or received evidence prior to entering its judgment of dismissal with prejudice. In its sole point, the State argues that "[t]he trial court erred in dismissing with prejudice the information against Respondent, because the trial court does not have authority to dismiss an information with prejudice upon its own motion, in that only the prosecutor possesses the power to dismiss an information before evidence is presented." Since "[t]he scope of the issue for determination on appeal is that framed in the point relied on," *State v. Patino*, 12 S.W.3d 733, 740 (Mo.App.1999), the question before us is whether "only the prosecutor possesses the power to dismiss an information before evidence is presented."

■ We initially observe that the right of the State to appeal in a criminal case is purely statutory. *State v. Burns*, 998 S.W.2d 848, 849 (Mo.App.1999); *see State v. Morton*, 971 S.W.2d 335, 339 (Mo. App.1998). The State is entitled to appeal when an information is adjudged to be insufficient. *State v. Bradley*, 8 S.W.3d 905 (Mo.App.2000); *see* § 547.200.2; § 547.210, RSMo 1994; Rule 30.01, Missouri Court Rules (2000).

■ "A criminal charge may be brought by indictment or information." *State v. Hale*, 878 S.W.2d 510, 512 (Mo. App.1994); *see* Mo. Const. Art. I, § 17 (1945). The indictment or information must actually charge that a crime has been committed and " '[t]he test for the sufficiency of an indictment or information is whether it contains all the essential elements of the offense as set out in the statute creating the offense.' " *State v. Haynes* 17 S.W.3d 617, 619 (Mo.App.2000)(quoting *State v. Pride*, 1 S.W.3d 494, 502 (Mo.App.1999)). " 'To be

---

**1.** All statutory references are to RSMo Cum. Supp.1999, unless otherwise noted.

The information read, in pertinent part, as follows:

COUNT I

The Prosecuting Attorney of the County of Greene, State of Missouri, charges that the defendant, in violation of Section 570.030, RSMo, committed the class A misdemeanor of stealing, punishable upon conviction under Sections 558.011.1(5) and 560.016, RSMo, in that on or about the 21st day of December, 1999, in the County of Greene, State of Missouri, the defendant, PAUL E[.] STRINGER, appropriated medical services which services were provided by Dr. Gill[']s Clinic, and defendant appropriated such services without the consent of Dr. Gill[']s Clinic and with the purpose to deprive him thereof.

We note that "[a] person commits the crime of stealing if he or she appropriates property or services of another with the purpose to deprive him or her thereof, either without his

or her consent or by means of deceit or coercion." § 570.030.1 "Services" is a term of art and "includes transportation, telephone, electricity, gas, water, or other public service, accommodation in hotels, restaurants, or elsewhere, admission to exhibitions and use of vehicles[.]" § 570.010(13).

Regarding the intention of the drafters of the criminal code as to what falls under the definition of services, "[g]enerally, comments accompanying a uniform code when adopted have great weight in construing the code." *In the Matter of Nocita*, 914 S.W.2d 358, 359 (Mo. banc 1996). In the Comment to the 1973 Proposed Code, found immediately following § 570.010 in Volume 41 of Vernon's Annotated Missouri Statutes, under the section labeled "services," we find: "labor and professional services have been intentionally omitted because it was felt that including them might result in the local prosecutor becoming a collection agent." *See Kansas City v. Brammer*, 847 S.W.2d 90, 92 (Mo.App. 1992).

sufficient, the indictment must also clearly advise the defendant of the facts constituting the offense so that he may prepare an adequate defense and prevent retrial on the same charges in case of an acquittal.'" *Id.* (quoting *State v. Pride,* 1 S.W.3d 494, 502 (Mo.App.1999)); *see also State v. Stein,* 876 S.W.2d 623, 626 (Mo.App.1994).

In its argument, the State contends that the trial court erred in dismissing the information with prejudice because only the prosecuting attorney has the power to dismiss a felony charge in this state before evidence is presented. This implies that a trial court has no such power to dismiss an information on the basis of the insufficiency of the information. We disagree.

As a general rule, and as the State contends, the prosecuting attorney is the only official having power to voluntarily dismiss, or enter a *nolle prosequi* to, a felony charge in this state. *See State v. Hoopes,* 534 S.W.2d 26, 34 (Mo. banc 1976); *Jones v. State,* 771 S.W.2d 349, 351 (Mo. App.1989); *see also Morton,* 971 S.W.2d at 340. However, the rationale for this line of cases is premised on the legal principle that a trial court has no authority to force a prosecutor to either prosecute or not prosecute a particular case, since the law reposes in the prosecutor, a quasi-judicial officer, the discretion to determine when he or she should proceed with a prosecution or dismiss it. *See State ex rel. Griffin v. Smith,* 363 Mo. 1235, 258 S.W.2d 590, 593–94 (banc 1953). The State's argument, if taken literally, would forever preclude a trial court from determining that an information is insufficient prior to evidence being presented, since only the State could dismiss an information under those circumstances. This proposition leads to an absurd result and runs counter to Rule 24.04(b)2, to-wit:

> 2. *Defenses and Objections Which Must Be Raised.* Defenses and objections based on defects in the institution of the prosecution or in the indictment or information other than that it fails to show jurisdiction in the court or to charge an offense may be raised only by motion before trial. The motion shall include all such defenses and objections then available to the defendant. Failure to present any such defense or objection as herein provided constitutes a waiver thereof, but the court for cause shown may grant relief from the waiver. *Lack of jurisdiction or the failure of the indictment or information to charge an offense shall be noticed by the court at any time during the pendency of the proceeding.*

Rule 24.04(b)2, Missouri Court Rules (2000)(emphasis added).

Accordingly, we determine that the State's contention that "only the prosecutor possesses the power to dismiss an information before evidence is presented" has no merit. Point denied.

The judgment of the circuit court is affirmed.

PREWITT, J., concurs.

GARRISON, J., concurs.