**Russell D. KILGORE, Appellant,**

v.

**STATE of Missouri, Respondent.**

**No. WD 59616.**

Missouri Court of Appeals,
Western District.

March 12, 2002.

Donald W. Petty, Liberty, MO, for Appellant.

Jeremiah W. (Jay) Nixon, Atty. Gen., Stephanie Morrell, Asst. Atty. Gen., Jefferson City, MO, for Respondent.

Before ELLIS, P.J., and EDWIN H. SMITH and HOWARD, JJ.

VICTOR C. HOWARD, Judge.

Russell D. Kilgore appeals from the Ray County Circuit Court's judgment denying, in part, his Rule 24.035 [1] motion to vacate, set aside or correct the judgment or sentence imposed upon his conviction after his guilty plea to one count of manufacture of a controlled substance under section 195.211 RSMo Cum.Supp.1998. He contends that the motion court erred in denying his motion because the circuit court erred in setting aside the prosecutor's entry of a *nolle prosequi* and therefore lacked jurisdiction to continue with criminal proceedings against him. The State agrees.[2]

We reverse the motion court's denial in part of Mr. Kilgore's Rule 24.035 motion and remand with directions for entry of a dismissal without prejudice pursuant to the prosecutor's *nolle prosequi.*

## Procedural Background

On November 3, 1998, the State charged Mr. Kilgore by Information with manufacture and production of a controlled substance in Ray County.

On December 1, 1998, Mr. Kilgore appeared in court to plead guilty to the charge in accordance with a plea agreement his counsel had reached with the prosecutor. As part of the plea agreement, the prosecutor recommended seven years incarceration in the Missouri Department of Corrections with the imposition of the sentence to be stayed and Mr. Kilgore to be placed on probation for five years. After finding Mr. Kilgore's plea to be voluntary, the court ordered a presentence investigation report and continued the case to February 2, 1999.

On February 2, 1999, Mr. Kilgore failed to appear at the scheduled hearing, so the

---

1. Rule references are to the Missouri Rules of Criminal Procedure (2000).

2. Mr. Kilgore also raises a second point on appeal. However, because we reverse on his first point, we do not address his second point.

court issued a capias warrant for his arrest.

On September 23, 1999, the prosecuting attorney entered a *nolle prosequi* in Mr. Kilgore's case.

On January 10, 2000, the trial court found that the prosecutor no longer had the authority to file a *nolle prosequi*, ordered it set aside, and issued a new capias warrant for Mr. Kilgore's arrest.

On March 7, 2000, Mr. Kilgore appeared before the court. After finding that there was a factual basis for Mr. Kilgore's guilty plea and finding that he was guilty as charged beyond a reasonable doubt, the circuit court accepted his plea entered on December 1, 1998. The trial court then applied the "escape rule" and declared that Mr. Kilgore had waived his right to the plea bargain and the right to withdraw his guilty plea by fleeing and failing to appear at the February 2, 1999, hearing. It subsequently sentenced Mr. Kilgore to fifteen years in the custody of the Missouri Department of Corrections.

Mr. Kilgore then sought to vacate, set aside or correct the judgment or sentence pursuant to Rule 24.035.

On January 24, 2001, citing *Boyd v. State*, 10 S.W.3d 597 (Mo.App. E.D.2000), the motion court granted Mr. Kilgore's Rule 24.035 motion and ordered that the fifteen-year sentence be set aside and the trial court either follow the plea agreement or allow Mr. Kilgore to withdraw his plea.[3] The motion court again denied Mr. Kilgore's continuing objection concerning the court's lack of jurisdiction to proceed after the prosecutor's entry of a *nolle prosequi*. This appeal follows.

## Standard of Review

This appeal is from the court's denial, in part, of Mr. Kilgore's Rule 24.035 motion. Thus, pursuant to Rule 24.035(k), "[a]ppellate review of the trial court's action on [Mr. Kilgore's motion] shall be limited to a determination of whether the findings and conclusions of the trial court are clearly erroneous."

## *Nolle Prosequi*

■ The issue is whether the trial court could refuse to accept the prosecutor's *nolle prosequi* that was filed prior to the court's acceptance of Mr. Kilgore's guilty plea. We find that it could not.

■ In entering a *nolle prosequi*, a prosecutor formally indicates on the record that he or she will no longer prosecute a pending criminal charge. *State v. Flock*, 969 S.W.2d 389, 389 (Mo.App. W.D. 1998). Unless jeopardy attaches to bar subsequent prosecution, the charge is then dismissed without prejudice, and the defendant is released. *Id.* Once a *nolle prosequi* has been entered, the trial court loses jurisdiction to proceed with the case. *Id.* at 390.

■ Generally, "[t]he prosecutor has unfettered discretion to enter a *nolle prosequi*, and the circuit court may not interfere with the exercise of that discretion." *Id.* at 389. The Missouri Supreme Court recognized an exception to this unfettered discretion in *State ex rel. Norwood v. Drumm*, 691 S.W.2d 238, 239–41 (Mo. banc 1985) when it held that the trial court had the power to deny the prosecution leave to enter a *nolle prosequi* on a murder charge after a jury rendered a guilty verdict and before sentencing. *Id.* at n. 1. The trial

---

**3.** The same judge presided over the Rule 24.035 proceeding and the criminal proceeding. Thus, after announcing his order with regard to the Rule 24.035 motion, the judge

proceeded with sentencing Mr. Kilgore in the criminal case in accordance with the plea agreement.

court relied on *Norwood* in setting aside the *nolle prosequi.*

In December of 1998, Mr. Kilgore entered a guilty plea. Although the trial court did find the plea voluntary, it did not formally accept the plea and no finding of guilt was made at that time. The court ordered a presentence report and continued the case to February 2, 1999. Mr. Kilgore failed to appear on February 2, 1999. The prosecutor entered its *nolle prosequi* on September 23, 1999. The warrant for Mr. Kilgore's failure to appear in February of 1999 was then cancelled on October 29, 1999. The court set aside the *nolle prosequi* on January 10, 2000, and reissued the warrant. Mr. Kilgore appeared on March 7, 2000. It was not until this time—March 7, 2000—that the court formally accepted Mr. Kilgore's guilty plea when it stated for the record, "the Court finds that there is a factual basis for your plea of guilty and the court does, in fact, find you guilty beyond a reasonable doubt of committing the Class B felony of manufacture and production of a controlled substance as set forth in the Amended Information." Mr. Kilgore's counsel's repeated objections to the trial court proceeding after the prosecutor's entry of the *nolle prosequi* were denied, and sentencing proceeded as set forth above in the procedural background of this case.

We find that no exception to the prosecutor's unfettered discretion to enter a *nolle prosequi* existed in Mr. Kilgore's case. At the time it was entered, the plea had not been accepted and no finding of guilt had been made. Thus, upon the September 23, 1999, entry of the *nolle prosequi,* the charge against Mr. Kilgore was dismissed without prejudice, and the trial court lacked jurisdiction to continue proceedings against Mr. Kilgore after that date. *Flock,* 969 S.W.2d at 389–90.

Mr. Kilgore's point on appeal is granted.

### Conclusion

The trial court clearly erred in continuing the proceedings against Mr. Kilgore after the prosecutor entered the *nolle prosequi* on September 23, 1999. The court lost jurisdiction to proceed against Mr. Kilgore at that time. Accordingly, we reverse the motion court's denial in part of Mr. Kilgore's Rule 24.035 motion with regard to the trial court's lack of jurisdiction and remand to the trial court with directions to enter a dismissal without prejudice pursuant to the prosecutor's *nolle prosequi.*

ELLIS, P.J., and EDWIN H. SMITH, J., concur.