Bipin PATEL, Appellant–Respondent,

v.

George PATE, Respondent–Appellant.

Nos. WD 62112, WD 62181.

Missouri Court of Appeals,
Western District.

March 23, 2004.

Stuart Helm King, Jefferson City, MO, for appellant-respondent.

Joseph M. Page, Jefferson City, MO, for respondent-appellant.

Before JAMES M. SMART, JR., P.J., ROBERT G. ULRICH and LISA WHITE HARDWICK, JJ.

ROBERT G. ULRICH, Judge.

Bipin Patel appeals the judgment, following trial without a jury, ordering George Pate to "immediately transfer [to him] the requisite amount of shares in [Swaminarayan, Inc.] evidencing ... [7%] ownership interest [in the corporation] and that [Mr. Patel] be entitled to all of the rights, obligations and benefits of said ownership interest." Mr. Patel is dissatisfied with the judgment because his petition claimed that he had loaned money to the corporation in the sum of $40,000 and was to receive ownership of corporate stock in an amount equivalent to the percent of his loan to the total investment in the enterprise, assumedly as security for the loan, and he claimed breach of contract and effectively sought rescission of the contract and restitution, return of the money he paid plus interest. (The trial court found the $40,000 paid by the Patels to Mr. Pate to have been an investment and not a loan.) Mr. Pate cross-appeals, asserting that the trial court erred in not granting his oral motion to dismiss, made after Mr. Patel's case was presented at trial, claiming that Mr. Patel's petition was filed in excess of the claimed five-year statute of limitations, section 516.120, RSMo 2000. The judgment is affirmed in part and reversed in part, and the case is remanded with directions.

## Facts

Mr. Patel and Mr. Pate were acquaintances in India before both immigrated to the United States. Mr. Pate offered Mr. Patel an ownership interest in a business project to build a hotel called Sleep Inn in Branson. In exchange for Mr. Patel's money investment, upon completion of the hotel, Mr. Pate was to cause Swaminarayan, Inc., the corporation that owned Sleep Inn, to make a stock transfer to Mr. Patel equivalent to the percentage of his investment to the total cost of the hotel. In accordance with the parties' verbal agreement, Mr. Patel paid Mr. Pate $40,000 in 1992. Sleep Inn was constructed and opened for business in April 1994. Mr. Patel initially worked at the facility as the assistant manager and later as the manager. In 1994, Mr. Patel requested Mr. Pate to transfer to him his proportionate share of the stock in the company. Mr. Pate, however, never transferred any shares of stock to Mr. Patel. During September 1996, Mr. Pate negotiated a contract to lease the hotel to a third party with an option for the third party to purchase the facility. After the lease-purchase agreement was effected, Mr. Patel no longer worked at the hotel.

Mr. Patel asked Mr. Pate to return his investment in October 1996. Mr. Pate denied that the conversation occurred. Ultimately, Mr. Patel sued Mr. Pate for breach of contract seeking restitution as a remedy, and return of the investment in the amount of $40,000 plus interest. The parties dispute the total contribution that the oral agreement required Mr. Patel to invest, Mr. Pate claiming that Mr. Patel was to invest $80,000 for 15% ownership in the corporation and Mr. Patel claiming his total investment was to be the $40,000 that he paid. The corporation did not deny that it received Mr. Patel's money totaling $40,000 and that it had not issued stock representing the investment. The trial court determined that the $40,000 paid by Mr. Patel was partial payment for the ownership interest in the corporation. The court also found that as early as 1994 Mr. Patel had asked Mr. Pate for the stock certificates representing his ownership interest in the corporation. The court determined that the original investment in Swaminarayan, Inc. was $564,712, which included Mr. Patel's investment of $40,000, equating to a 7% ownership in the corporation and apparently its only asset, the motel called Sleep Inn. The court determined that Mr. Patel was entitled to become a 7% owner, that Mr. Pate had never transferred any shares in the corporation to him, and it ordered the transfer of the requisite number of shares to equal a 7% ownership in the corporation. Mr. Patel effected this appeal.

## Standard of Review

■ The case was tried before the judge without a jury. The standard of review is the same for both the appeal and the cross-appeal. The standard of review for a judge-tried case is governed by *Murphy v. Carron*, 536 S.W.2d 30, 32 (Mo. banc 1976), which interprets Rule 84.13(d). The judgment of the trial court will be affirmed unless it is not supported by substantial evidence, is against the weight of the evidence, or erroneously declares or applies the law. *Id.* The evidence is viewed in the light most favorable to the judgment, and all evidence and inferences to the contrary are disregarded. *Callendar v. Dir. of Revenue*, 44 S.W.3d 866, 868 (Mo.App. W.D.2001).

## Mr. Pate's Cross–Appeal

■ Mr. Pate asserts in his cross-appeal that section 516.120, RSMo 2000, a five-year statute of limitations, precluded suit, filed July 19, 2001, for the alleged breach of contract that occurred in 1994, more than five years before suit was filed. Mr. Pate filed an oral "motion to dismiss" after Mr. Patel had presented his case at trial, raising for the first time the affirmative defense. The trial court denied the motion. Because the issue, if decided in Mr. Pate's favor, would be dispositive, it is considered first. Mr. Pate's assertion that Mr. Patel's claim is barred by a statute of limitations is an affirmative defense under Rule 55.08, which requires that the defense be raised appropriately, or it is waived, Mr. Patel argues. He claims that Mr. Pate did not raise the defense as required and, therefore, waived it.

■ Under Missouri's pleading rules, an affirmative defense is a matter that is asserted to avoid liability, even if the facts pleaded in the petition are proved. *Boone Nat'l Sav. & Loan Ass'n, F.A. v. Crouch*, 47 S.W.3d 371, 375 (Mo. banc 2001). The defense that a claim is barred by a statute of limitations is an affirmative defense that must be pleaded and proven. Rule 55.08; *Bohrmann v. Schremp*, 666 S.W.2d 30, 31 (Mo.App. E.D.1984). "A pleading that sets forth an affirmative defense . . . shall contain a short and plain statement of the facts showing that the pleader is entitled

to the defense or avoidance." Rule 55.08. Where a defendant fails to plead in the answer a statute of limitations as an affirmative defense, the trial court may, exercising its discretion, permit the defendant to amend the answer and assert the statute of limitations as an affirmative defense. *Bohrmann,* 666 S.W.2d at 32. Limitations are not one of those enumerated defenses that may be raised by motion rather than in an answer. *Yahne v. Pettis County Sheriff Dep't,* 73 S.W.3d 717, 719 (Mo.App. W.D.2002); Rule 55.27. The defense of limitations must be asserted by responsive pleading where one is required. Rule 55.27(a).

Once asserted in the pleading, a motion to dismiss properly raises the defense of statute of limitations for determination. *Johnson v. Vee Jay Cement,* 77 S.W.3d 84, 87 (Mo.App. E.D.2002). Where a statute of limitations is asserted in support of a motion to dismiss, the petition should not be dismissed unless the petition clearly establishes on its face and without exception that it is time barred. *Id.* at 88. A motion to dismiss properly raises the defense of the statute of limitations when it is clear from the face of the petition that the action is barred by time limitations. *Yahne,* 73 S.W.3d at 719; *Heintz v. Swimmer,* 922 S.W.2d 772, 775 (Mo.App. E.D. 1996). "Conversely, where the petition does not show on its face that it is barred by limitations, a motion to dismiss should not be sustained." *Heintz,* 922 S.W.2d at 775.

Mr. Pate claims that although he did not plead the five-year statute of limitations of section 516.120 in his answer, the court erred in overruling his "motion to dismiss" filed at the close of plaintiff's case. He cites *Bohrmann* for support of his position that his oral motion to dismiss following plaintiff's presentation of his case was proper and timely. His reliance on *Bohrmann* is misplaced. *Bohrmann* states that a motion to dismiss may assert as its basis a statute of limitations, but the case does not stand for the proposition that a motion to dismiss following presentation of the plaintiff's case at trial satisfies the notice required for pleading a statute of limitations as an affirmative defense. To hold that such a motion satisfies the requirements of Rule 55.08 and interpretive case law would reduce the rule to insignificance. A motion to dismiss filed after the plaintiff's case has been presented at trial that, for the first time, asserts that a statute of limitations is preclusive of the successful filing of plaintiff's claim is untimely, fails to satisfy the provisions of Rule 55.08, and waives the affirmative defense. Thus, Mr. Pate's failure to properly assert the statute of limitations as an affirmative defense waived it. The point is denied.

## Mr. Patel's Point Relied On

Mr. Patel asserts one point of error. He acknowledges that the trial court correctly determined that Mr. Pate had a contractual obligation to transfer to him the amount of shares of stock of Swaminarayan, Inc. that represented a proportionate ownership interest in the corporation equivalent to his investment. He claims, however, that the trial court erred in ordering Mr. Pate to transfer to him shares of stock in Swaminarayan, Inc. equivalent to 7% of the ownership of the corporation and in not awarding him instead a money judgment in the amount of $40,000, representing his investment, plus interest, thereby restoring him to the position he would have been in had no contract been made.

Mr. Patel asserted in his petition that he had made a loan to Mr. Pate in the sum of $40,000, implying that the stock certificates to be received by him

were security for the loan. Contrary to Mr. Patel's assertion, however, the trial court found, based on the facts, that the $40,000 paid by Mr. Patel was an investment and not a loan, effectively conforming the pleadings to the evidence. "[A] trial court may freely allow the pleadings to be amended to conform to the evidence, without the consent of the non-moving party, if '... the merits of the action will be subserved thereby and the objecting party fails to satisfy the court that the admission of such evidence would cause prejudice in maintaining the action or defense upon the merits.'" *R.J.S. Sec., Inc. v. Command Sec. Servs., Inc.,* 101 S.W.3d 1, 21 (Mo. App. W.D.2003)(quoting *Pace Properties, Inc. v. Am. Mfrs. Mut. Ins. Co.,* 918 S.W.2d 883, 888 (Mo.App. E.D.1996)); Rule 55.33(b). The trial court is afforded deference when determining this issue. *R.J.S. Sec.,* 101 S.W.3d at 21. "A trial court should liberally permit amendments of pleadings to conform to the evidence presented." *Id.* Neither Mr. Patel nor Mr. Pate contests the court' finding.

In consideration for his investment, Mr. Patel was to receive an ownership interest in the corporation represented by stock certificates. Mr. Pate breached the agreement by refusing to provide stock certificates to Mr. Patel representing his investment. The court ordered transfer of the stock certificates in the amount representing 7% of the total investment by all contributors to the project. Thus, the court ordered that Mr. Patel receive the benefit of his bargain, which effectively, under the circumstances in this case, was specific performance.

 Mr. Patel did not seek the remedy of specific performance of the agreement, effectively the equitable award made by the court. Mr. Patel's prayer essentially asked for rescission and restitution, restoration to his former position before the contract was effected, including the return of his $40,000 plus interest. Rescission for breach of contract is available where a material breach of contract has occurred. A material breach for the purpose of justifying rescission is one where the breach relates to a vital provision of the agreement, i.e. one that goes to the very substance or root of the agreement and cannot relate simply to a subordinate or incidental matter. *Ballenger v. Castle Rock Bldg. Corp.,* 904 S.W.2d 62, 64 (Mo.App. W.D.1995). Rescission is an action seeking to restore the status quo to the contracting parties by voiding their contract. *Ehlert v. Ward,* 588 S.W.2d 500, 503 (Mo. banc 1979). "Restitution" is defined as the "[r]estoration of status quo and is the amount [that] would put plaintiff in as good a position as he would have been if no contract had been made and restores to plaintiff the value of what he parted with ..." BLACK'S LAW DICTIONARY 1313 (6th ed.1990); *Lopp v. Peerless Serum Co.,* 382 S.W.2d 620, 626 (Mo.1964). Restitution, therefore, is an available remedy where a party alleges and proves a material breach of contract justifying rescission. *Kim v. Conway & Forty, Inc.,* 772 S.W.2d 723, 727 (Mo.App. E.D.1989). The evidence of the material breach of the agreement by Mr. Pate and the findings of the court support Mr. Patel's request for rescission of the contract and restitution, and the court erred in not granting the remedy sought.

The portion of the judgment finding in favor of Mr. Patel is affirmed. The portion of the judgment directing Mr. Pate to "immediately transfer [to him] the requisite amount of shares in [Swaminarayan, Inc.] evidencing ... [7%] ownership interest [in the corporation] and that [Mr. Patel] be entitled to all of the rights, obligations and benefits of said ownership interest" is reversed. The trial court is

directed to modify the judgment to include rescinding the contract and ordering that Mr. Patel is awarded the sum of $40,000 as restitution, the same sum paid by him to Mr. Pate in performance of his contractual obligation. Additionally, the judgment shall provide interest at the statutory rate.

SMART, P.J. and HARDWICK, J. concur.