Sharon K. DOYLE, Appellant,

v.

Kevin M.J. CRANE and Connie Millican Sullivan, Respondents.

No. WD 65654.

Missouri Court of Appeals,
Western District.

Sept. 12, 2006.

Maryteresa Doyle, Shawnee Mission, KS, for Appellant.

Susan Ford Robertson, Jeffrey O. Parshall and Jeffrey H. Blaylock, Columbia, for Respondents.

Before EDWIN H. SMITH, C.J., and BRECKENRIDGE and SPINDEN, JJ.

PER CURIAM.

Sharon K. Doyle appeals the order of the Circuit Court of Boone County, Missouri, dismissing her petition for malicious prosecution against the respondents, Kevin Crane and Connie Millican Sullivan. The filing of the appellant's petition resulted from her being charged in the Circuit Court of Boone County with violating the Boone County Animal Control Ordinance § 1.4.4, a class A misdemeanor. The charge was filed by respondent Sullivan, who at the time was an assistant prosecuting attorney for Boone County employed by respondent Crane, the Prosecuting Attorney of Boone County. The trial court dismissed the appellant's malicious prosecution claim against the respondents based upon its finding that it was barred by the running of the applicable two-year statute of limitations of § 516.140.[1] The court found that the appellant's cause of action had accrued on March 3, 2003, triggering the running of the statute of limitations, when the State entered its *nolle prosequi* in the underlying criminal action, such that the statute of limitations expired on March 3, 2005, one day prior to the filing of the appellant's petition on March 4, 2005.

---

1. All statutory references are to RSMo, 2000, unless otherwise indicated.

The appellant raises what she designates as three points on appeal. However, she raises what really is only one point in that she challenges only one ruling of the trial court—the court's dismissal of her petition for the running of the applicable statute of limitations of § 516.140. Rule 84.04(d)[2] governs proper Points Relied On, providing, in pertinent part: "(1) Where the appellate court reviews the decision of a trial court, *each* point shall: (A) identify the trial court ruling or action that the appellant challenges." (Emphasis added.) Hence, as envisioned by the rule, we shall treat the appellant's designated three points as one.

In her sole point on appeal, the appellant claims that the trial court erred in sustaining the respondents' motion to dismiss her petition for malicious prosecution, filed on March 4, 2005, based on its being barred by the running of the applicable two-year statute of § 516.140, because the trial court erroneously declared and applied the law in determining that her cause of action had accrued on March 3, 2003, the date the State entered its *nolle prosequi* in the appellant's underlying criminal case, triggering the running of the applicable statute of limitations, in that under the proper declaration and application of the law, her cause of action did not accrue until the trial court entered its order on March 5, 2003, dismissing the underlying criminal case against her, such that the statute of limitations did not begin to run until March 5, 2003, and did not expire until March 5, 2005, one day after she had filed her petition.

We dismiss for lack of jurisdiction.

## Facts

On September 27, 2002, respondent Sullivan charged the appellant in the Circuit Court of Boone County, Missouri, in Case Number 02 CR 169047, with violating § 1.4.4 of the Boone County Animal Control Ordinance, a class A misdemeanor, punishable under § 1.10 of the Boone County Animal Control Ordinances and §§ 192.300, 557.021.1, 558.011, and 560.016. At the time, respondent Sullivan was employed by respondent Crane. On November 22, 2002, the appellant filed a motion to dismiss the criminal charge against her. On March 3, 2003, respondent Sullivan filed a "NOTICE OF NOLLE PROSEQUI." On March 5, 2003, the trial court made the following docket entry: "STATE ENTERS NOLLE PROSEQUI. CAUSE DISMISSED."

On March 4, 2005, the appellant filed, in the Circuit Court of Boone County, Missouri, a petition for damages for malicious prosecution. She alleged, *inter alia,* that the respondents had caused the charge of September 27, 2002, to be filed against her, that the criminal prosecution terminated in her favor, that the respondents acted without probable cause and/or reasonable grounds in the initiation of the criminal proceeding, that the respondents' outrageous conduct was actuated by malice in that they acted with reckless indifference, and that she sustained damages as a result. In their joint answer of April 6, 2005, the respondents alleged, *inter alia,* the affirmative defense of the running of the statute of limitations, found in § 516.140, barring the appellant's petition. In addition, on that same day, the respondents filed a motion to dismiss based on the running of the statute of limitations. On May 11, 2005, the trial court sustained the respondents' motion to dismiss.

This appeal follows.

---

**2.** All rule references are to the Missouri Rules of Civil Procedure, 2006, unless otherwise indicated.

## I.

In her sole point on appeal, the appellant claims that the trial court erred in sustaining the respondents' motion to dismiss her petition for malicious prosecution, filed on March 4, 2005, based on its being barred by the running of the applicable two-year statute of limitations of § 516.140, because the trial court erroneously declared and applied the law in determining that her cause of action had accrued on March 3, 2003, the date the State entered its *nolle prosequi* in the appellant's underlying criminal case, triggering the running of the applicable statute of limitations. Specifically, she claims that the trial court erroneously declared and applied the law with respect to the legal effect of the State's *nolle prosequi* on March 3, 2003, in that, under the correct declaration and application of the law, her underlying criminal case was not dismissed when the *nolle prosequi* was filed by the State, but when the trial court made its docket entry on March 5, 2003, formally dismissing her case based upon the State's *nolle prosequi*, such that the statute of limitations did not begin to run until March 5, 2003, and did not expire until March 5, 2005, one day after the appellant had filed her petition. Essentially, the appellant is claiming that the State's *nolle prosequi* was not entered of record until the trial court made its docket entry on March 5, 2003.

▮ As stated in *Lomax v. Sewell*, 1 S.W.3d 548, 552 (Mo.App.1999):

A statute of limitations allows the cause of action to accrue and then cuts off the claim if suit is not filed within a certain period of time. The running of the applicable statute of limitations is an affirmative defense and must be pleaded as such pursuant to Rule 55.08. The party asserting the affirmative defense of the running of the applicable statute of limitations has the burden of not only pleading but proving it.

(Citations omitted.) In that regard, Rule 55.08[3] requires, *inter alia*, that "[i]n pleading to a preceding pleading, a party shall set forth all applicable affirmative defenses[.]" Hence, the failure to plead the running of the applicable statute of limitations as a defense in a responsive pleading, waives the defense. *Patel v. Pate*, 128 S.W.3d 873, 877 (Mo.App.2004). Here, there is no dispute that the respondents properly pled the affirmative defense of the running of the applicable statute of limitations in their answer to the appellant's petition.

▮ If properly pled, as here, the affirmative defense of the running of the statute of limitations may be asserted in a motion to dismiss. *Id.* However, a petition will not be dismissed on the affirmative defense of the statute of limitations unless it is absolutely clear from the face of the petition that it is time barred. *Id.* "Normally, the running of the statute is a question of law for the court to decide. However, when contradictory or different conclusions may be drawn from the evidence as to whether the statute of limitations has run, it is a question fact for the jury to decide." *Lomax*, 1 S.W.3d at 552–53 (citation omitted).

▮ Section 516.140, the applicable statute of limitations for claims of malicious prosecution, provides, in pertinent part, that an action for "malicious prosecution" shall be brought "within two years." "The statute of limitations begins to run when [the] plaintiff's right to sue arises,"

---

**3.** All rule references are to Missouri Rules of Civil and Criminal Procedure, 2006, unless otherwise indicated.

or in other words, when the plaintiff could first maintain his cause of action successfully. *Lane v. Non–Teacher Sch. Employee Ret. Sys. of Mo.*, 174 S.W.3d 626, 634 (Mo.App.2005). To succeed on a claim for malicious prosecution, the plaintiff has the burden of proving that the defendant instigated the prosecution of the underlying criminal case against him, without probable cause and with malice, which was terminated in his favor, and resulted in damages to him. *Linn v. Moffitt*, 73 S.W.3d 629, 633 (Mo.App.2002). Hence, a claim of malicious prosecution does not arise or accrue until the underlying proceeding or action is terminated in the plaintiff's favor. *Id.* For purposes of malicious prosecution, an underlying action is deemed terminated when: (1) a final judgment is entered on the merits; (2) the action is dismissed by the court *with prejudice;* or (3) the action is abandoned. *Id.; Kelley v. Kelly Residential Group, Inc.*, 945 S.W.2d 544, 550 (Mo.App.1997); *Arana v. Reed*, 793 S.W.2d 224, 226 (Mo.App.1990).

In their motion to dismiss, the respondents alleged that the applicable statute of limitations, found in § 516.140, had expired on March 3, 2005, one day prior to the filing of the appellant's petition, such that it was time barred and should be dismissed. In support of this allegation, the respondents further alleged that the appellant's cause of action arose or accrued on March 3, 2003, triggering the running of the statute of limitations, when the State filed its notice of *nolle prosequi* in the appellant's underlying criminal case, which had the effect of terminating the case against the appellant in her favor. The appellant contends, however, that her cause of action did not accrue until the trial court entered its order of March 5, 2003, dismissing her case pursuant to the State's *nolle prosequi*, such that the statute of limitations did not begin to run until March 5, 2003, and did not expire until

March 5, 2005, one day after the filing of her petition on March 4, 2005. Thus, the issue in this case, in determining whether the trial court erred in dismissing the appellant's petition as being time barred by the statute of limitations, is whether the appellant's malicious prosecution claim accrued on March 3, 2003, the date of the filing of the State's *nolle prosequi*, or on March 5, 2003, the date the trial court made its docket entry dismissing the appellant's criminal case pursuant to the State's *nolle prosequi*.

As to the issue presented, the appellant alleged in her petition:

18) That on March 3, 2003, the [respondents], on behalf of the State of Missouri, filed a "Notice of *Nolle Prosequi*,["] in the action [respondents] initiated against the [appellant];

19) That on March 5, 2003, the Circuit Court of Boone County, Division 9, entered the referenced "Notice of *Nolle Prosequi*" and dismissed the information filed against [appellant]; [and]

23) That the referenced criminal prosecution of [appellant], identified as Case Number 02 CR 169047 terminated in favor of the [appellant][.]

Based upon these allegations of the respondents' petition, the State's notice of *nolle prosequi* in the appellant's criminal case was filed on March 3, 2003, and the trial court made its docket entry dismissing it on March 5, 2003. Thus, the dispositive issue here, in determining whether the trial court erred in dismissing the appellant's petition for malicious prosecution as being time barred by the running of the applicable two-year statute of limitations, is simply a question of whether the filing of the State's *nolle prosequi* on March 3, 2003, terminated the appellant's underlying criminal case in her favor for purposes of determining when her malicious prose-

cution cause of action accrued, triggering the running of the applicable statute of limitations. This, in turn, is a question of law, which we decide *de novo*. *See Miller v. Help at Home, Inc.*, 186 S.W.3d 801, 808 (Mo.App.2006) (stating that questions of law are reviewed *de novo* ).

The appellant contends that the filing of the State's *nolle prosequi* on March 3, 2003, did not terminate the underlying criminal case against her, for purposes of determining when her malicious prosecution cause of action accrued, because: (1) the filing of the *nolle prosequi* had no legal effect in terminating her criminal case in her favor, triggering the running of the statute of limitations, until the trial court entered it of record on March 5, 2003; and, (2) even if the filing of the State's *nolle prosequi* did not need court approval to be effective as to that issue, it was a dismissal *without* prejudice, which did not terminate her case in her favor so as to cause her malicious prosecution action to accrue and trigger the running of the statute of limitations. We will address each of these arguments in turn.

## A. Trial Court's Order of Dismissal a Nullity

■ As stated in *State v. Buchli*, 152 S.W.3d 289, 307 (Mo.App.2004), "[a] *nolle prosequi* is a prosecutor's formal entry on the record indicating that he or she will no longer prosecute a pending criminal charge. It results in a dismissal without prejudice unless jeopardy attaches to bar subsequent prosecution." The appellant contends that the State's filing of its *nolle prosequi* of March 3, 2003, did not dismiss her underlying criminal case on the date filed, triggering the applicable statute of limitations, in that it was subject to the trial court's "authority to refuse [it]," or in other words, was subject to the court's approval to be effective, such that there was no dismissal of her underlying crimi-

nal case until the court entered its order of dismissal on March 5, 2003. The respondents contend, however, that a prosecutor has "unfettered discretion" in entering a *nolle prosequi* dismissing a criminal case and that once entered, the trial court loses all jurisdiction over the case such that the court's order of dismissal of March 5, 2003, in this case was a nullity *ab initio*.

In *Kilgore v. State*, 70 S.W.3d 621, 623 (Mo.App.2002), this court addressed the issue of "whether the trial court could refuse to accept the prosecutor's *nolle prosequi* that was filed prior to the court's acceptance of [the defendant's] guilty plea." In holding that it could not, *id.* at 624, the court recognized that "[o]nce a *nolle prosequi* has been entered, the trial court loses jurisdiction to proceed with the case." *Id.* at 623. The court further recognized that "[g]enerally, the prosecutor has unfettered discretion to enter a *nolle prosequi*, and the circuit court may not interfere with the exercise of that discretion." *Id.* (citation omitted). The lone exception to this rule that was cited by the *Kilgore* court is the exception found in *State ex rel. Norwood v. Drumm*, 691 S.W.2d 238, 239–41 (Mo. *banc* 1985), which the appellant primarily relies upon here in claiming as she does.

In *State ex rel. Norwood*, the Missouri Supreme Court, although recognizing that the prosecutor generally has the sole discretion as to when to enter a *nolle prosequi* in a criminal prosecution, with which the trial court cannot interfere, held that the court had the authority to deny leave to the State to enter a *nolle prosequi* on a murder charge after a jury rendered a guilty verdict and before sentencing. *Id.* at 240–41. The Court reasoned that to rule otherwise would be to ignore the "role of the jury and the court in the judicial process," *id.* at 240, and the "duty [of the

prosecutor] to consider the public interest in the fair administration of criminal justice." *Id.* at 241. On the facts in our case, the *Norwood* exception clearly does not apply, and the appellant does not argue for the application of any other exception to the rule that the prosecutor does not have to seek approval of the trial court to enter a *nolle prosequi* in a criminal proceeding. *See Kilgore,* 70 S.W.3d at 623–24; *State v. Flock,* 969 S.W.2d 389, 389 n. 1 (Mo.App. 1998); *State v. Smith,* 907 S.W.2d 301, 302 n. 1 (Mo.App.1995) (holding that the *Norwood* exception to the general rule that the prosecutor has the exclusive and unrestricted discretion to enter a *nolle prosequi* is limited to situations where the prosecutor seeks a *nolle prosequi* after a guilty verdict, but before sentencing).

In addition to *Norwood,* the appellant also cites *State v. Montgomery,* 276 S.W.2d 166, 168 (Mo.1955); *State v. Lonon,* 331 Mo. 591, 56 S.W.2d 378, 381 (1932); and *State v. Nicolosi,* 588 S.W.2d 152, 156 (Mo. App.1979), for the proposition that the prosecutor does not have unfettered discretion in entering a *nolle prosequi. Lonon* held, in pertinent part, that "[a]n order of dismissal or a nolle prosequi in a criminal case may be set aside during the term at which the order is made; an alias capias ordered issued and defendant tried on the original information or indictment." 56 S.W.2d at 381. *Montgomery* limited *Lonon* by holding that "a trial court has no judicial power to set aside an unconditional nolle prosequi, duly entered by one with authority, after the term at which the nolle prosequi was entered has ended." *Montgomery,* 276 S.W.2d at 168. *Nicolosi* cites to *Lonon* and *Montgomery* and states the same proposition as does *Lonon.* 588 S.W.2d at 156. However, the holding in those cases have obviously been overruled by *Norwood, Kilgore, Flock,* etc.

The appellant also cites *State v. Stringer,* 36 S.W.3d 821 (Mo.App.2001), and *State v. Honeycutt,* 96 S.W.3d 85 (Mo. *banc* 2003), in support of her contention that the State's *nolle prosequi* was subject to trial court approval. Those cases, however, are not persuasive in that they do not deal with the limits of the prosecutor's power to enter a *nolle prosequi.* Rather, they deal with the power of the trial court to dismiss where the State had *not* entered a *nolle prosequi. Stringer,* 36 S.W.3d at 822–823; *Honeycutt,* 96 S.W.3d at 88–89. The appellant also cites *Wayte v. U.S.,* 470 U.S. 598, 105 S.Ct. 1524, 84 L.Ed.2d 547 (1985), which holds that a prosecutor may not make decisions about whether to prosecute "deliberately based upon an unjustifiable standard such as race, religion, or other arbitrary classification." *Id.* at 608, 105 S.Ct. 1524 (citations omitted). Again, that is not our case and has no application.

For the reasons discussed, the *nolle prosequi* filed by the State on March 3, 2003, was not subject to trial court approval to be effective, and the court lost all jurisdiction over the appellant's criminal case once the State's *nolle prosequi* was filed. Hence, as contended by the respondents, the trial court's order by docket entry of March 5, 2003, dismissing the appellant's case, based solely on the State's *nolle prosequi,* was a nullity and of no effect. The question then becomes whether the appellant is correct in her assertion that the State's *nolle prosequi* of March 3, 2003, even if effective in dismissing her case without prejudice, was sufficient to "terminate" her case such that her malicious prosecution action accrued on that date, triggering the running of the applicable statute of limitations.

**B. State's *Nolle Prosequi* Did Not "Terminate" Appellant's Case**

The appellant claims that even if the State's *nolle prosequi* did not need

court approval by the trial court to be effective in dismissing her underlying criminal case, it was only a dismissal *without* prejudice, which did not "terminate" her case in her favor so as to cause her malicious prosecution action to accrue and trigger the running of the statute of limitations. We agree.

■ As noted, *supra*, a claim of malicious prosecution arises or accrues, triggering the applicable statute of limitations, when the underlying proceeding or action is "terminated" in the plaintiff's favor, and that for purposes of malicious prosecution, an underlying action is deemed terminated when: (1) a final judgment is entered on the merits; (2) the action is dismissed by the court *with prejudice;* or (3) the action is abandoned. *Linn,* 73 S.W.3d at 633; *Kelley,* 945 S.W.2d at 550; *Arana,* 793 S.W.2d at 226. Hence:

> when a case is dismissed *without* prejudice the dismissal constitutes a termination in favor of the defendant—for the purpose of a subsequent malicious prosecution suit by him—*only* when the party who initiated the case manifests an intent to abandon it. Absent that showing, a dismissal without prejudice does not constitute a termination of the case in favor of the defendant.

*Shinn v. Bank of Crocker,* 803 S.W.2d 621, 626 (Mo.App.1990) (emphasis added); *see also Kelley,* 945 S.W.2d at 550; *Zahorsky v. Barr, Glynn & Morris, P.C.,* 693 S.W.2d 839, 842 (Mo.App.1985).

In *Shinn,* the court was confronted with the question of whether the trial court erred in dismissing the plaintiffs' malicious prosecution claims as being time barred by the expiration of the statute of limitations of § 516.140. *Shinn,* 803 S.W.2d at 622. In determining when the plaintiffs' causes of action accrued, triggering the statute of limitations, the court was confronted with the same issue that confronts us in this case—whether the prosecutor's dismissal without prejudice of the underlying criminal cases against the plaintiffs "terminated" the proceedings in the plaintiffs' favor. *Id.* at 624. The court ruled that it did not, unless it could be shown from the record that the prosecutor, in dismissing without prejudice, manifested an intent to abandon the prosecutions. *Id.* at 626. This requirement is reasonable inasmuch as without such finality, the underlying criminal cases could have been re-filed at any time, provided the statute of limitations as to the criminal cases had not expired.

The *Shinn* court found that the record demonstrated an intent by the prosecutor to abandon the prosecutions against the plaintiffs, constituting a termination of the proceedings in favor of the plaintiffs for purposes of determining when a malicious prosecution cause of action arises. *Id.* at 627. In dismissing without prejudice, the prosecutor entered into an agreement with the plaintiffs that they would pay court costs. *Id.* at 626. The court reasoned that without the agreement to pay the court costs, the prosecutor would not have dismissed and that the reason for dismissing without prejudice was to leverage the payment of the costs—leaving the threat that the charges would be re-filed if the plaintiffs reneged on their agreement to pay costs. *Id.* From this, the trial court inferred a clear intent by the prosecutor to abandon the prosecutions. *Id.* at 627.

Looking at the face of the appellant's petition, as required in determining whether the trial court was justified in sustaining the respondents' motion to dismiss on the running of the statute of limitations, *Patel,* 128 S.W.3d at 877, there is nothing from which to infer an intent by the State, in the underlying criminal case against the appellant, to finally abandon the criminal charge against her. As noted, *supra,* the only allegations as to termination were:

18) That on March 3, 2003, the [respondents], on behalf of the State of Missouri, filed a "Notice of *Nolle Prosequi*,["] in the action [respondents] initiated against the [appellant];

19) That on March 5, 2003, the Circuit Court of Boone County, Division 9, entered the referenced 'Notice of *Nolle Prosequi*' and dismissed the information filed against [appellant]; [and]

23) That the referenced criminal prosecution of [appellant], identified as Case Number 02 CR 169047 terminated in favor of the [appellant][.]

As we discussed, *supra,* the trial court's order of dismissal was a nullity. Hence, that leaves the State's *nolle prosequi,* which as discussed, *supra,* in and of itself did not constitute a termination of the appellant's criminal case for purposes of determining when her malicious prosecution cause of action accrued. As to the appellant's allegation that the criminal prosecution was "terminated" in her favor, that is nothing more than a legal conclusion that does not pass muster as to pleading requirements in this state.

■ Missouri is a fact pleading state. *State ex rel. Harvey v. Wells,* 955 S.W.2d 546, 547 (Mo. *banc* 1997); *ITT Commercial Fin. Corp. v. Mid–Am. Marine Supply Corp.,* 854 S.W.2d 371, 379 (Mo. *banc* 1993). Rule 55.05 requires that "[a] pleading that sets forth a claim for relief, whether an original claim, counterclaim, cross-claim, or third-party claim shall contain (1) a short and plain statement of the facts showing that the pleader is entitled to relief[.]" The plaintiff has to plead ultimate facts, not conclusions, which, if true, support each and every proof element of his claim. *Bramon v. U–Haul, Inc.,* 945 S.W.2d 676, 679 (Mo.App.1997); *Kennedy v. Mo. Att'y Gen.,* 922 S.W.2d 68, 70 (Mo.App.1996). Thus, to properly plead the requisite termination element of her

malicious prosecution claim against the respondents, the appellant had to plead, *inter alia,* ultimate facts, not conclusions, demonstrating that the underlying criminal case against her was terminated in her favor. And, as discussed *supra,* as a matter of law, termination does not result from a *nolle prosequi* entered in a criminal prosecution, for purposes of determining when a malicious prosecution claim accrues, unless there is an accompanying intent by the prosecutor to finally abandon the prosecution. The appellant does not plead any ultimate facts in her petition to establish the requisite proof element of termination such that the trial court could not determine from the face of the appellant's petition, with the certainty required, when her cause of action accrued to determine, in turn, when the statute of limitations was triggered and expired so as to bar her petition.

Even if we were to look outside the appellant's petition, which we cannot, given the procedural posture of the case, the record shows that the State's *nolle prosequi* was entered in response to the appellant's motion to dismiss, which would suggest that the State was simply responding to the appellant's motion and was intent on reserving the right to re-file the charge by entering a *nolle prosequi,* instead of dismissing with prejudice. Hence, even an expanded record of review would not lead to the necessary certainty that the underlying criminal case against the appellant was terminated in her favor on March 3, 2003, the bedrock on which the trial court determined that her petition was out of time and barred by the statute of limitations.

As noted, *supra,* a civil petition cannot be dismissed on a motion to dismiss based upon the affirmative defense of the running of the statute of limitations, unless it is absolutely clear from the face of the

petition that the petition is time barred. *Patel*, 128 S.W.3d at 877. In light of the fact that there is nothing in the appellant's petition to suggest that the State, in entering its *nolle prosequi* as to the appellant's underlying criminal case, intended to finally abandon the charge against her, it is not absolutely clear from the petition that the case was terminated in the appellant's favor on March 3, 2003, the date the State filed its *nolle prosequi,* resulting in the accrual of her malicious prosecution action against the respondents and triggering the running of the applicable statute of limitations. As such, the trial court erroneously declared and applied the law in determining that the statute of limitations of § 516.140 had expired two years to the day after the filing of the State's *nolle prosequi* so as to bar the appellant's petition.

In concluding that it is not clear from the appellant's petition that her malicious prosecution claim was barred by the statute of limitations because there is nothing alleged in the petition to suggest that the State "terminated" the underlying criminal charge against her on March 3, 2003, the date of the State's *nolle prosequi,* so that her cause of action would have accrued on that date and triggered the running of the statute of limitations, we are necessarily confronted with the prospect that the appellant failed to state a claim upon which relief can be granted. And, although not raised by the respondents in a motion to dismiss, as provided in Rule 55.27(a)(6), the issue "is inherent in every appeal and may be raised, *sua sponte,* by the appellate court" in that such failure "essentially deprives the trial court of subject matter jurisdiction and, thus, the authority to rule on the plaintiff's petition." *Derks v. Surface,* 189 S.W.3d 692, 694 (Mo.App.2006) (citations omitted).

And, if the trial court did lack jurisdiction to rule as it did, we lack jurisdiction to review on the merits. *Id.* In every case, we are required to determine our jurisdiction, *sua sponte. Id.*

In determining whether a petition states a claim on which relief can be granted, the facts pleaded must be taken as true, the allegations of the petition must be given a liberal construction, and the petition must be accorded all favorable inferences from the facts pleaded. *Id.* at 695. The petition states a cause of action if it pleads ultimate facts, not conclusions, establishing each and every proof element of the plaintiff's claim. *Bramon,* 945 S.W.2d at 679; *Kennedy,* 922 S.W.2d at 70.

As discussed, *supra,* here, with respect to the requisite termination proof element of her malicious prosecution claim, in addition to alleging the bare conclusion that her underlying criminal charge was terminated, which was insufficient to establish this element of her claim, the only allegations bearing on termination are her allegations that the State filed its notice of *nolle prosequi* on March 3, 2003, which the trial court entered of record on March 5, 2003, effectively dismissing the case against her. However, as we concluded, *supra,* from the face of the petition and as a matter of law, the trial court's dismissal of March 5, 2003, was a nullity, *ab initio,* and the State's *nolle prosequi* was insufficient to establish termination. Hence, from the allegations of the appellant's petition, we can only conclude that at the time the trial court dismissed the appellant's petition as being time barred, the relevant time of inquiry, a cause of action for malicious prosecution for the prosecution of the underlying criminal case against the appellant had yet to accrue.[4] As such, the

---

4. In ruling as we do, we do not pass on the issue of whether a cause of action for mali-

cious prosecution against the respondents has

appellant failed to state a cause of action for malicious prosecution such that there was nothing for the trial court to rule upon with respect to the respondents' motion to dismiss for the expiration of the statute of limitations of § 516.140, and consequently, nothing for us to rule upon as to the merits.

Finding that we lack jurisdiction to review *on the merits,* we dismiss.

accrued and could be brought by the appel- lant in a subsequent petition.